UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMISSIONS IMPORT EXPORT S.A.,

        Petitioner-Judgment Creditor,

    -against-

REPUBLIC OF THE CONGO, as Judgment Debtor, and ECREE LLC, as Fraudulent Transferee of the Judgment Debtor,

        Respondents.

19 Misc. \_\_\_\_\_

---

## PETITION FOR TURNOVER OF PROPERTY

Petitioner-Judgment Creditor Commissions Import Export S.A. ("Commisimpex" or "Petitioner"), by its attorneys Goulston & Storrs PC, as for its Petition for Turnover pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5201(b), 5225(b), 5236 and 5239, and Fed. R. Civ. P. 69, with respect to a condominium unit known as Unit 32G at 1 Central Park West (the "Condominium"), New York, New York, in which Respondent-Judgment Debtor Republic of the Congo (the "Republic" or "Congo") has an interest, and of which Respondent Ecree LLC ("Ecree") is the fraudulent transferee, hereby alleges as follows:

### Nature of this Proceeding

1.    This is a proceeding to enforce the judgments that Commisimpex holds against the Republic, as described more fully below, as against the Condominium, which is property of the Republic held in the name of Ecree as fraudulent transferee of funds of the Republic. The Condominium should be declared to be property of the Republic subject to execution on

Commisimpex's judgments. As such, this is a proceeding that affects the title to, and the possession, use or enjoyment of, real property within the meaning of CPLR 6501.

## The Judgments

2.      The Republic has been in debt to Commisimpex since at least 1992 and has been liable to Commisimpex under arbitration awards since at least 2000. Those debts and arbitrations awards culminated in, *inter alia*, a judgment in the amount, including interest, of $771,060,106 (as of June 28, 2017) being entered against the Republic in the United States District Court for the District of Columbia on October 9, 2013.  That judgment was duly registered in this Court on June 18, 2014 under Case No. 14-mc-0187 (the "First Judgment").  A copy of the First Judgment is annexed hereto as Exhibit 1.

3.      A second judgment, in the amount of $189,781,887 (as of July 31, 2015), was later entered against the Republic in the District Court for the District of Columbia, and that judgment was duly registered in this Court on May 26, 2017, under Case No. 17-mc-0175 (the "Second Judgment").  A copy of the Second Judgment is annexed as Exhibit 2.

4.      This proceeding seeks turnover of the Condominium in partial satisfaction of the First Judgment, which remains substantially unsatisfied in an amount that far exceeds the value of the Condominium.  Indeed, both Judgments remain substantially unsatisfied, in amounts far exceeding the value of the Condominium.[1]

5.      By Order of the United States District Court for the District of Columbia dated June 15, 2017 (copy annexed as Exhibit 4), Commisimpex has been authorized pursuant to 28

---

[1] With interest, which continues to accrue, the two Judgments exceed $1 billion. In addition, the Republic has been held in contempt of court by the United States District Court for the District of Columbia, as a result of which it owes fines to Petitioner "in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week." *See* Exhibit 3 hereto. Thus, while Petitioner has achieved some recoveries against the Republic in other countries, the Condominium, which has an estimated value of $7 million, is far from enough to satisfy even the First Judgment.

U.S.C. 1610(c) to "pursue all applicable methods of attachment and execution" so as to satisfy the First Judgment.

## Jurisdiction and Venue

6.  Petitioner-Judgment Creditor Commisimpex is a company incorporated under the laws of the Republic of the Congo.

7.  Respondent-judgment Debtor the Republic is a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a).

8.  On information and belief, Respondent Ecree is a limited liability company organized under the laws of the State of New York with its only ostensible asset – the Condominium – located in this District. On further information and belief, one or more members of Ecree is a citizen of a State.

9.  This Court has personal jurisdiction over the Republic:

    (a)  Through its inherent power to enforce the First Judgment and the Second Judgment, which are judgments of this Court;

    (b)  Because the Condominium is located in this District and, as set forth below, the Republic has a property interest in the Condominium; and

    (c)  pursuant to 28 U.S.C. § 1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607. The Congo is not entitled to sovereign immunity under 28 U.S.C. § 1605 or § 1609, because: (i) this case falls under the exception for cases brought to enforce arbitration awards that "are or may be governed by a treaty or other international agreement in force in the

United States calling for the recognition and enforcement of arbitral awards," 28 U.S.C. §1605(a)(6); and (ii) the property at issue – the Condominium -- is not immune from execution under 28 U.S.C. §§ 1610(a)(6) and 1610(b)(2). The arbitration award on which the First Judgment was based was governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. § 201 *et seq.*

10. This Court has subject matter jurisdiction because this proceeding concerns enforcement of judgments of this Court. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy in this proceeding exceeds the sum or value of $75,000, exclusive of interest, and this proceeding is between a citizen of a State and citizens of a foreign state. This Court also has subject matter jurisdiction pursuant to 9 U.S.C. § 203 because this is a proceeding to enforce an arbitration award governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

11. The Court has personal jurisdiction over Ecree because it is a New York LLC with its only ostensible asset and place of business located in this District.

12. Venue is proper in this District (a) because the First Judgment and the Second Judgment are valid, unsatisfied judgments of this Court, and (b) pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1) because the property that is the subject of this proceeding, the Condominium, is located in this District.

### The Condominium is the Republic's Property

13. On information and belief, including detailed reporting in the *New York Times* and *Global Witness* (*see* Exhibits 5 and 6 hereto), the Condominium was purchased with funds of

the Republic that were illegally and fraudulently transferred from the Republic by its ruling family, the Sassou-Nguesso family, for the benefit of the daughter of the Republic's President, Denis Sassou-Nguesso, named Claudia Sassou-Nguesso.

14. On information and belief, the Republic fraudulently transferred the funds to purchase the Condominium through a series of sham transactions initially disguised as infrastructure contracts (none real) (i) first through an entity called Asperbras LLC ("Asperbras"), (ii) then through an Asperbras subsidiary called Energy & Mining Asp. Inc. ("Energy & Mining") to a Cypriot company called Sebrit Limited, which had been incorporated only two days before the bogus contract was signed and had neither a single identifiable employee nor any existing genuine business, and of which the beneficial owner was Claudia Sassou-Nguesso, and (iii) then, after Sebrit received a payment of almost $20 million in the Republic's funds from Energy & Mining, to Ecree, which used $7.1 million of the Republic's funds to purchase the Condominium.

15. Ecree was incorporated on May 30, 2014, only two months prior to the purchase of the Condominium, and on information and belief has and had no purpose other than to be the sham entity through which Claudia Sassou-Nguesso could and did use illegally and fraudulent transferred funds of the Republic to purchase the Condominium.

16. Because illegally and fraudulently transferred funds of the Republic were used to purchase the Condominium, as a matter of both fact and law the Condominium is property of the Republic and subject to execution upon the Judgments.

## CLAIMS FOR RELIEF

17. Commisimpex repeats and realleges the allegations of paragraphs 1 - 16, above, as if fully set forth herein.

18. The transfers referred to in paragraph 14 above (the "Fraudulent Transfers") were made without fair consideration when the Republic had the unsatisfied Judgments docketed against it, without regard to the Republic's actual intent, and were therefore fraudulent as to Commisimpex as a judgment creditor of the Republic under New York Debtor and Creditor Law ("DCL") 273-a, which provides:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

19. The Fraudulent Transfers were also made with actual intent to hinder, delay and defraud creditors of the Republic, and were therefore also fraudulent as to Commisimpex under DCL 276, which provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

20. Accordingly, pursuant to DCL 278, Commisimpex is entitled (a) to have the Fraudulent Transfers set aside and annulled to the extent necessary to satisfy the Judgments, and/or (b) to a determination from the Court that the Fraudulent Transfers should be disregarded such that Commisimpex may levy execution upon the Condominium.

21. Accordingly, pursuant to DCL 278, the applicable provisions of CPLR Article 52 and Fed. R. Civ. P. 69, Petitioner Commisimpex is entitled to an order and judgment directing the turnover to Petitioner of the Condominium, directing the Marshal to levy execution on the Condominium, and granting such other and further relief as may be appropriate so as to undo the Fraudulent Transfers and allow Petitioner to enforce the Judgments against the Condominium.

**WHEREFORE**, Petitioner Commisimpex respectfully requests that the Court enter an Order and Judgment granting relief as requested above, and granting such other and further relief as the Court may deem just and proper.

Dated: April 15, 2019

GOULSTON & STORRS PC

By: _____
Charles R. Jacob III
885 Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 878-5143
Facsimile: (212) 878-6911
cjacob@goulstonstorrs.com

*Attorneys for Petitioner*
*Commissions Import Export S.A.*