UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMISSIONS IMPORT EXPORT S.A.,

        Petitioner-Judgment Creditor,

    -against-

REPUBLIC OF THE CONGO, as Judgment Debtor, and ECREE LLC, as Fraudulent Transferee of the Judgment Debtor,

        Respondents.

Case No. 1:19-mc-00195 (KPF)

---

## DECLARATION OF CHARLES R. JACOB III
## IN SUPPORT OF ORDER TO SHOW CAUSE
## AND RELIEF REQUESTED THEREIN

CHARLES R. JACOB III hereby declares under penalty of perjury:

1.    I am a member of the Bars of this Court and the State of New York and a Director of Goulston & Storrs PC, attorneys for Petitioner-Judgment Creditor Commissions Import Export S.A. ("Commisimpex" or "Petitioner").

2.    I submit this Declaration in furtherance of the Court's Order of August 27, 2019 (the "August 27 Order") and in support of Petitioner's application for an Order to Show Cause why an order should not be entered:

    (i)    Pursuant to Fed. R. Civ. P. 55(b)(2), entering a default judgment against Respondents for the relief sought in the Notice of Petition and Petition, in the form attached hereto as Exhibit 1;

    (ii)    Pursuant to New York Judiciary Law § 27(b) and Fed. R. Civ. P. 58(a), amending the judgment entered in the United States District

4852-2074-3330.2

      Court for the District of Columbia on October 9, 2013 as duly registered in this Court on June 18, 2014 (the "10/9/2013 Judgment"), so as to convert the 10/9/2013 Judgment from Euros to United States Dollars at the currency conversion rate applicable on October 9, 2013; and pursuant to 28 U.S.C. § 1961 adding applicable post-judgment interest thereto; and

 (iii) Pursuant to 28 U.S.C. § 1610(c), determining that a reasonable period of time has elapsed following the entry of the judgment entered in the United States District Court for the District of Columbia on August 26, 2015 and duly registered in this Court on May 26, 2017 (the "8/26/2015 Judgment") such that Petitioner may proceed with attachment and execution on the 8/26/2015 Judgment.

The requested Order to Show Cause also prescribes methods of service of these papers on Respondents and sets dates for responses, if any. The date of the hearing is as set forth in the August 27 Order; and this Order to Show Cause is submitted in furtherance of that Order, to ensure that Respondents have notice of the October 9 hearing, and to put before the Court all applicable matters for the October 9 hearing.

### Nature of this Proceeding

3. This is a proceeding pursuant to Fed. R. Civ. P. 69 and New York Civil Practice Law and Rules ("CPLR") §§ 5201(b), 5225(b), 5236 and 5239 with respect to a condominium unit known as Unit 32G at 1 Central Park West (the "Condominium"), New York, New York, in which Respondent-Judgment Debtor Republic of the Congo (the "Republic" or "Congo") has an interest, and of which Respondent Ecree LLC ("Ecree") is the fraudulent transferee. Petitioner seeks to enforce the judgments that it holds against the Republic, as described more fully below,

as against the Condominium, which is property of the Republic held in the name of Ecree as fraudulent transferee of funds of the Republic. For ease of reference, a copy of the Petition and Notice of Petition in this proceeding is annexed as Exhibit 2.

### The Underlying Judgments

4. The Republic has been in debt to Commisimpex since at least 1992 and has been liable to Commisimpex under arbitration awards since at least 2000.[1] Those debts and arbitration awards culminated in, *inter alia*, a judgment in the amount, including interest, of $771,060,106 (as of June 28, 2017) being entered against the Republic in the United States District Court for the District of Columbia on October 9, 2013. That judgment was duly registered in this Court on June 18, 2014 under Case No. 14-mc-0187 (the "10/9/2013 Judgment"). A copy of the 10/9/2013 Judgment is annexed hereto as Exhibit 3.

5. A second judgment, in the amount of $189,781,887, was entered against the Republic in the District Court for the District of Columbia on August 26, 2015, and that judgment was duly registered in this Court on May 26, 2017, under Case No. 17-mc-0175 (the "8/26/2015 Judgment"). A copy of the 8/26/2015 Judgment is annexed as Exhibit 4.

6. This proceeding seeks turnover of the Condominium in partial satisfaction of Judgments, which remain substantially unsatisfied in an amount that far exceeds the value of the Condominium.[2]

---

[1] The Republic's liability to Commisimpex arises from contracts for public works and the supply of equipment by Commisimpex to the Republic, and related financings. While no longer relevant since Commisimpex's rights have been long since been reduced to judgments, a fuller description of the grounds of the Republic's liability to Commisimpex may be found on ECF at 13-cv-713 (D.D.C.), Doc. No. 1, attachment 4.

[2] With interest, which continues to accrue, the two Judgments exceed $1 billion. In addition, the Republic has been held *in contempt of court* by Judge Richard J. Leon of the United States District Court for the District of Columbia, as a result of which it owes fines to Petitioner "in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000

3

Case 1:19-mc-00195-KPF   Document 14-1   Filed 08/29/19   Page 4 of 9

7. By Order of the United States District Court for the District of Columbia dated June 15, 2017 (copy annexed as Exhibit 6), Commisimpex has been authorized pursuant to 28 U.S.C. § 1610(c) to "pursue all applicable methods of attachment and execution" so as to satisfy the 10/9/2013 Judgment.

8. This Court has personal jurisdiction over Respondents and subject matter jurisdiction over this proceeding as set forth in ¶¶ 6 - 12 of the Petition (Exh. 2).

### The Condominium is the Republic's Property

9. Based on detailed reporting in the *New York Times* and *Global Witness* (see Exhibits 7 and 8 hereto), and Respondents' election to default in responding to the Petition's allegations based on that reporting, the Condominium was purchased with funds of the Republic that were illegally and fraudulently transferred from the Republic by its ruling family, the Sassou-Nguesso family, for the benefit of the daughter of the Republic's President, Denis Sassou-Nguesso, named Claudia Sassou-Nguesso.

10. Based on publicly available reports, the Republic fraudulently transferred the funds to purchase the Condominium through a series of sham transactions initially disguised as infrastructure contracts (none real) (i) first through an entity called Asperbras LLC ("Asperbras"), (ii) then through an Asperbras subsidiary called Energy & Mining Asp. Inc. ("Energy & Mining") to a Cypriot company called Sebrit Limited, which had been incorporated only two days before the bogus contract was signed and had neither a single identifiable employee nor any existing genuine business, and of which the beneficial owner was Claudia Sassou-Nguesso, and (iii) then, after Sebrit received a payment of almost $20 million in the

---

per week." *See* Exhibit 5 hereto. Thus, while Petitioner has achieved some recoveries against the Republic in other countries, the Condominium, which has an estimated value of $7 million, is far from enough to satisfy even the First Judgment.

4

4852-2074-3330.2

Republic's funds from Energy & Mining, to Ecree, which used $7.1 million of the Republic's funds to purchase the Condominium.

11. Ecree was incorporated on May 30, 2014, only two months prior to the purchase of the Condominium, and has and had no discernable purpose other than to be the sham entity through which Claudia Sassou-Nguesso could and did use funds of the Republic to purchase the Condominium. Again, Respondents have elected not to respond to this.

12. As discussed in the accompanying Memorandum of Law, because fraudulently transferred funds of the Republic were used to purchase the Condominium, under the statutory language of the New York Debtor and Creditor Law ("DCL") the Condominium is property of the Republic and subject to execution upon the Judgments.

13. Accordingly, pursuant to DCL § 278, Commisimpex is entitled (a) to have the fraudulent transfers set aside and annulled to the extent necessary to satisfy the Judgments, and/or (b) to a determination from the Court that the fraudulent transfers should be disregarded such that Commisimpex may levy execution upon the Condominium. This is the substantive relief awarded in the default judgment before the Court.

### Commisimpex Is Entitled to Default Judgment and Related Ancillary Relief

14. This proceeding was commenced on April 15, 2019, with the filing of the Notice of Petition and Petition. Copies of the Notice of Petition and Petition were served on the Republic by the Clerk of the Court via DHL pursuant to 28 U.S.C. § 1608(a)(3) on June 6, 2019 and proof of service thereof was filed by the Clerk of the Court on June 6, 2019, Doc. No. 7, attached hereto as Exhibit 9. The Republic has not filed an answer or otherwise moved with respect to the Petition within its statutory time to do so (which expired on August 5, 2019), and

4852-2074-3330.2

the Clerk of the Court has entered a Certificate of Default, Doc. No. 12, attached hereto as Exhibit 10.

15. The Notice of Petition and Petition was served on defendant Ecree, a New York limited liability company, by personal delivery to the New York Secretary of State pursuant to § 303 of the Limited Liability Company Law of the State of New York on May 10, 2019, and proof of service thereof was filed on May 28, 2019, Doc. No. 6, attached hereto as Exhibit 11. Ecree has not filed an answer or otherwise moved with respect to the Petition within its statutory time to do so (which expired on June 27, 2019, and a Certificate of Default has been entered by the Clerk of the Court as to Ecree as well, Doc. No. 11, attached hereto as Exhibit 12.

16. Thus, Commisimpex is entitled to a default judgment against Respondents, and requests that it be entered in the form annexed hereto as Exhibit 1.

17. Commisimpex also requests the following ancillary relief.

- **Currency Conversion and Interest as to 10/9/2013 Judgment**

18. Commisimpex requests that an order be entered in the form annexed hereto as Exhibit 13, pursuant to New York Judiciary Law § 27(b) and Fed. R. Civ. P. 58(a), amending the 10/9/2013 Judgment, so as to convert the 10/9/2013 Judgment from Euros to United States Dollars at the currency conversion rate applicable on October 9, 2013; and pursuant to 28 U.S.C. § 1961 adding applicable post-judgment interest thereto.

19. As set forth in the accompanying Memorandum of Law, this relief is mandated by New York Judiciary Law § 27(b), which provides:

> In any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. *Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree.* [Emphasis added.]

6

4852-2074-3330.2

20. As set forth on Exhibit 14 hereto (a screen shot from the website of the United States Federal Reserve Bank), on October 9, 2013 the rate of exchange between the Euro and the United States Dollar was $1.3513 per Euro.

21. As set forth on Exhibit 15 hereto, the amount of the 10/9/2013 Judgment as converted to United States Dollars including interest at the statutory rate mandated by 28 U.S.C. § 1961 ("the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment"), is $772,206,264.38 as of July 31, 2019, plus interest at $2,325.13 per diem.

22. Accordingly, Commisimpex requests that an order be entered in the form of Exhibit 13 hereto amending the 10/9/2013 Judgment, as registered in this Court on June 18, 2014, to reflect the required currency conversion and statutory interest.[3]

- **Reasonable Time Elapsed as to 8/26/2015 Judgment**

23. As to the 8/26/2015 Judgment, Commisimpex requests an order pursuant to 28 U.S.C. § 1610(c), in the form of Exhibit 17 hereto, determining that a reasonable period of time has elapsed following the entry of the 8/26/2015 such that Commisimpex may proceed with attachment and execution on the 8/26/2015 Judgment.

24. Such an order has already been entered as to the 10/9/2013 Judgment. Attached hereto as Exhibit 6 is a copy of the Order entered on June 14, 2017 by United States District Judge Richard J. Leon of the United States District Court for the District of Columbia ordering that "a 'reasonable period of time' under Section 1610(c) has elapsed" with respect to the

---

[3] A copy of the Second Circuit's summary order in *Rienzi & Sons, Inc. v. Puglisi*, 638 Fed. Appx. 87 (2d Cir. 2016), referred to in the accompanying Memorandum of Law with respect to the currency conversion point, is annexed hereto as Exhibit 16.

4852-2074-3330.2

10/9/2013 Judgment such that Commisimpex "may pursue all applicable methods of attachment or execution of [the Republic's] property to satisfy" the 10/9/2013 Judgment.

25. As four years have now elapsed since entry of the 8/26/2015 Judgment, a "reasonable time" by any standard and longer than the time elapsed when Judge Leon entered the § 1610(c) order as to the 10/9/2013 Judgment, Commisimpex requests that an order be entered in the form of Exhibit 17 hereto as to the 8/26/2015 Judgment.

- **Means of Service of Order to Show Cause and Supporting Documents**

26. Finally, Commisimpex requests that service of the accompanying Order to Show Cause and supporting papers as follows be deemed good and sufficient:

    (i) On the Republic, by Federal Express, DHL or similar courier, as follows:

> REPUBLIC OF THE CONGO
> c/o The Minister of Foreign Affairs
> Ministry of Foreign Affairs
> Boulevard Alfred Raoul
> BP: 2070 Brazzaville
> Republic of the Congo
>
> -and-
>
> c/o the Ambassador of the Republic
> to the United States of America
> 1720 16th Street, N.W.
> Washington, D.C. 20009
>
> -and-
>
> c/o the Ambassador of the Republic
> to the Permanent Mission of the Republic
> to the United Nations
> 14 East 65th Street
> New York, New York 10065; and

4852-2074-3330.2

(ii) On Ecree, by personal delivery to the New York Secretary of State and by first-class mail addressed as follows:

> ECREE LLC
> c/o Marina Solo, Esq.
> K&L Gates LLP
> One Newark Center, 10th Floor
> Newark, New Jersey 07102
>
> -and-
>
> c/o K&L Gates LLP
> 599 Lexington Avenue
> New York, New York 10022

27. As to the Republic, service as set forth above provides the maximum notice that can be given to a foreign sovereign, as it is being served at its Foreign Ministry in the Republic and at both of its diplomatic missions in the United States.

28. As to Ecree, a New York limited liability company, personal service on the New York Secretary of State is sufficient pursuant to § 303 of the Limited Liability Company Law of the State of New York, but we have also provided for service through K&L Gates LLP, which is the listed agent for Ecree with respect to the Condominium. We request that the service on K&L Gates be by first class mail as K&L Gates has refused by hand service previously. See, e.g., Doc. No. 5 (affidavit of attempted service on K&L Gates by process server).

29. No previous request has been made for the relief sought herein.

I hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: August 28, 2019

_____
CHARLES R. JACOB III

4852-2074-3330.2