# EXHIBIT B



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals, the District of Columbia Bar does hereby certify that

*Brian J Leske*

was duly qualified and admitted on **July 12, 1996** as an attorney and counselor entitled to practice before this Court; and is, on the date indicated below, an **Active** member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on April 23, 2019.

*Julio A. Castillo*
**JULIO A. CASTILLO**
**Clerk of the Court**

Issued By: *[signature]*
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email memberservices@dcbar.org.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

| | |
|---|---|
| THE BOARD OF MANAGERS OF TRUMP INTERNATIONAL HOTEL & TOWER CONDOMINIUM,<br><br>    Plaintiff,<br><br>  -against-<br><br>ECREE LLC, and "JOHN DOE" No. 1 through "JOHN DOE" No. 15, the true name of said Defendants being unknown to plaintiff, the parties intended to be those persons having or claiming an interest in the mortgaged premises described in the complaint by virtue of being tenants, or occupants, or judgment-creditors, or lienors of any type or nature in all or part of said premises,<br><br>    Defendants. | Index No. /19<br><br>**SUMMONS**<br><br>Plaintiff designates New York County as the Place of Trial.<br><br>The basis of venue is: the liened property is located in New York County |

YOU ARE HEREBY SUMMONED TO ANSWER THE COMPLAINT

in this action and to serve a copy of your answer, or a notice of appearance, on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    THIS IS AN ACTION TO A FORECLOSE LIEN ON REAL PROPERTY LOCATED IN NEW YORK COUNTY.

Dated: New York, New York
    December 13, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By:_____
  Robert T. Holland, Esq.
  (Rule 130-1.1-a)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE BOARD OF MANAGERS OF TRUMP INTERNATIONAL HOTEL & TOWER CONDOMINIUM,

                Plaintiff,

- against-

ECREE LLC, and "JOHN DOE" No. 1 through "JOHN DOE" No. 15, the true name of said Defendants being unknown to plaintiff, the parties intended to be those persons having or claiming an interest in the mortgaged premises described in the complaint by virtue of being tenants, or occupants, or judgment-creditors, or lienors of any type or nature in all or part of said premises,

                Defendants.

Index No.
    /19

**VERIFIED COMPLAINT**

Plaintiff, THE BOARD OF MANAGERS OF TRUMP INTERNATIONAL HOTEL & TOWER CONDOMINIUM ("Plaintiff"), by its attorneys, Belkin Burden Wenig & Goldman, LLP, for its complaint against Defendants alleges:

1. Plaintiff is a condominium Board of Managers acting on behalf of all unit owners located at 1 Central Park West, New York, New York 10023.

2. Defendant ECREE LLC ("ECREE") is, upon information and belief, a limited liability company authorized to do business in the State of New York.

3. ECREE is the owner in fee of residential unit 32G (the "Unit") in the premises known as Trump International Hotel & Tower Condominium and located at 1 Central Park West, New York, New York 10023 (the "Condominium").

## AS AND FOR A FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 3 of the complaint as if more fully set forth herein.

5. ECREE, as owner of the Unit, is liable for the common charges of the Condominium with respect to said the Unit.

6. Pursuant to Article 6, Section 6.2.1 of the Condominium's By-Laws, common charges are payable in installments on the first day of each month in advance, and Plaintiff has a lien against the Unit for unpaid common charges and special assessments assessed against the Unit.

7. Pursuant to Article 6, Section 6.3 of the Condominium's By-Laws, Plaintiff has the right and obligation to file liens for unpaid common charges, and to institute any and all other actions or proceedings deemed necessary or desirable by Plaintiff to recover unpaid common charges. Any lien to recover a money judgment for unpaid common charges can be maintained without foreclosing or waiving a lien for unpaid common charges.

8. Pursuant to Article 6, Section 6.3.3.3 of the Condominium's By-Laws of the Condominium By-Laws, in the event a unit owner fails to promptly pay common charges, Plaintiff is entitled to charge the delinquent unit owner late charges and interest at the highest rate chargeable to individuals pursuant to law from its due date.

9. On or about April 1, 2019, ECREE defaulted in its obligation to pay common charges and assessments for the Unit pursuant to the Condominium's By-Laws.

10. Plaintiff filed against the Unit a Continuing Lien for Unpaid Common Charges in the amount of $57,019.94, which lien was filed in the Office of the City

- 2 -

Register, New York County and recorded under CRFN 2019000394890 on December 3, 2019.

11. Plaintiff has not been paid all the monthly common charges, assessments, late charges and legal fees due and payable since in or about April 1, 2019 and there have been recurring defaults and payments due on the first day of each month thereafter.

12. The grace period for the payment of common charges, assessments, late charges and interest has long since expired.

13. During the pendency of this action Plaintiff, in order to protect its lien, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Unit and Plaintiff prays that any amount so paid and so extended by it during the pendency of this action be added to its claim and repaid to it from the proceeds of the sale of the Unit, together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by said lien.

14. ECREE LLC is named as a party defendant herein inasmuch as it is the record owner of the Unit.

15. "John Doe" No. 1 through "John Doe" No. 15, the true names of said Defendants being unknown, are made party defendants herein to exclude them from any right, title, lien or interest which they may have in the Unit by virtue of any claim, lien, lease or right of occupancy which they may have in all or part of the liened premises.

16. The defendants, and each of them, have or claim to have some interest, lien or liens upon the Unit, or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's lien or was, in express terms, made subject thereto.

17. Unless otherwise stated, upon information and belief, no defendants are an infant, nor been judicially declared impaired or incompetent, nor has a *guardian ad litem* been appointed for any of these defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 of the complaint as if fully set forth herein at length.

19. ECREE has failed and refused to comply with the terms and conditions of the Declaration and the By-Laws by failing and refusing to pay to the Board monthly assessments of Common Charges and Additional Common charges that became due and payable since on or about April 1, 2019 for the Unit, and that sums remain unpaid and owing although duly demanded.

20. In accordance with the By-Laws, the Board has imposed on the Unit late charges, interest and legal fees for the Units arising from the failure by ECREE to pay the monthly assessments of Common Charges and Additional Common Charges due to the Board.

21. By reason of the foregoing, there is now due, and owing to the Board from ECREE the sum of $57,019.94 as of December 2, 2019, as well as additional Common Charges, Additional Common Charges, and late charges and interest which will or may come due during the pendency of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 of the complaint as if fully set forth herein at length.

23. In accordance with Article 6, Section 6.3.3 of the Condominium By-Laws, Plaintiff is entitled to recover as against ECREE reasonable attorneys' fees, together with the costs and disbursements and additional allowance permitted by law incurred in the prosecution of this action.

**WHEREFORE**, Plaintiff demands judgment on the first cause of action as follows: that the defendants and each of them, and all persons claiming under them or any of them claiming upon liens docketed as well as all persons or parties making claims subsequent to the filing of the notice of pendency be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption, of, in and to the Units and each and every part and parcel thereof; that the same premises may be decreed to be sold according to law and subject to any state of facts and accurate survey may show, the covenants, restrictions, reservations, easements and agreements of record, if any, and to any violation thereof, to building restrictions and zoning ordinances of the town or municipality in which said premises are situate and to any violation thereof, and to conditional bill of sale, security agreements and financial statements filed in connection with said premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action, the lien of the unpaid balance due on prior mortgages of record, if any, and all liens of record prior to the date the lien herein became a lien of record, if any, and existing tenancies, except such tenants as are party defendants to this action and, that the monies arising from this sale be brought into court; that the plaintiff be paid

the amount due, as hereinbefore set forth, with an interest to the time of such payments together with any monies advanced and paid pursuant to any term or provision of the bonds or notes and mortgages, and extension or modification agreement, if any set forth in this complaint or to protect the lien of the plaintiff's lien, including the taxes, assessments, water charges and sewer rents, insurance premiums and other expenses to repair and preserve said property, and all of the charges and liens thereon to be paid to protect the plaintiff's lien, including interest and principal installments on prior mortgages, if any, with interest on said amounts from the dates of their respective advances and payments, the expenses of such sales together with the costs, allowances, and disbursements of this action and attorneys' fees incurred in the prosecution of this action; that this Court forthwith appoint a receiver of rent and profits of said premises during the pendency of this action with the usual powers and duties and that the plaintiff have such other and further relief as may be just and equitable;

On the second cause of action, for a money judgment against ECREE in the amount of $57,019.94 as of December 2, 2019 plus all additional sums due and owing to the Board as a result of his continued default in payment of common charges and additional common charges and late fees, sums due the Board during the pendency of this action;

On the third cause of action, that Plaintiff be awarded reasonable attorneys' fees as provided in the Condominium By-Laws as well as the costs and disbursements of this action; and

such other and further relief as is just and proper.

          Yours, etc,

Dated:   New York, New York    BELKIN BURDEN WENIG & GOLDMAN, LLP
        December 13, 2019      Attorneys for Plaintiff
                               270 Madison Avenue
                               New York, New York 10016
                               (212) 867-4466

By: _____
    Robert T. Holland, Esq.
    (Rule 130-1.1-a)

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

**SONJA TALESNIK**, being duly sworn, deposes and says:

1. Deponent is the Assistant Secretary of The Board of Managers of Trump International Hotel & Tower Condominium, a New York Condominium Board of Managers, plaintiff in this action.

2. Deponent has read the foregoing complaint and knows the content thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

3. This Verification is made by deponent because the The Board of Managers of Trump International Hotel & Tower Condominium is a Condominium Board of Managers and deponent is an officer thereof.

_____
SONJA TALESNIK

Sworn to before me this
13 day of December 2019

_____
NOTARY PUBLIC

MARIA ENRIQUEZ
Notary Public, State of New York
Registration #01EN6282871
Qualified in Queens County
Commission Expires May 28, 2021

-8-

RHOLLAND/2453.2113/2723034

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE BOARD OF MANAGERS OF TRUMP INTERNATIONAL HOTEL & TOWER CONDOMINIUM, | Index No. /19 |
| Plaintiff, | |
| -against- | **NOTICE OF PENDENCY** |
| ECREE LLC, and "JOHN DOE" No. 1 through "JOHN DOE" No. 15, the true name of said Defendants being unknown to plaintiff, the parties intended to be those persons having or claiming an interest in the mortgaged premises described in the complaint by virtue of being tenants, or occupants, or judgment-creditors, or lienors of any type or nature in all or part of said premises, | |
| Defendants. | |

**NOTICE IS HEREBY GIVEN**, that an action has been commenced and is now pending in this Court upon the Complaint of the above-named plaintiff against the above-named defendants, for the foreclosure of a Lien for Unpaid Common Charges on residential unit 32G at 1 Central Park West, dated December 2, 2019 in the amount of $57,019.94 and recorded on December 3, 2019 in the Office of the City Register, New York County under CRFN 2019000394890 in favor of the plaintiff and against defendant ECREE LLC.

**NOTICE IS FURTHER GIVEN**, that the liened premises described in such Notices of Lien affected by said foreclosure action were, at the term of commencement of this action, and at the time of the filing of this notice, known as and located at residential unit 32G at 1 Central Park West, New York, New York 10023 and situated in

Block 1113, Lot 1458 of the tax map of the City of New York and are described in the said Notice as set forth in the description annexed as Exhibit A.

The Clerk of the County of New York is hereby directed to file this Notice of Pendency against all of the above-named defendants in this action.

Yours, etc.,

Dated: New York, New York
December 13, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By: _____
Robert T. Holland, Esq.
(Rule 130-1.1-a)





## SCHEDULE "A"

THE CONDOMINIUM UNIT (HEREINAFTER CALLED THE "UNIT") IN THE BUILDING (HEREINAFTER CALLED THE "BUILDING") KNOWN AS TRUMP INTERNATIONAL HOTEL AND TOWER CONDOMINIUM IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, SAID UNIT BEING DESIGNATED AND DESCRIBED AS UNIT NO. 32G IN THAT CERTAIN DECLARATION, DATED AS OF 09/18/1996, MADE BY GRANTOR PURSUANT TO ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (HEREINAFTER CALL THE "CONDOMINIUM ACT") ESTABLISHING CONDOMINIUM OWNERSHIP OF THE BUILDING AND THE LAND (HEREINAFTER CALLED THE "LAND") UPON WHICH THE BUILDING IS SITUATE (WHICH LAND IS MORE PARTICULARLY DESCRIBED IN SCHEDULE A ANNEXED HERETO AND BY THIS REFERENCE MADE A PART HEREOF), WHICH DECLARATION WAS RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK (THE "CITY REGISTER'S OFFICE") ON 12/02/1996 IN REEL 2398 PAGE 561, AS AMENDED BY AMENDMENT TO DECLARATION RECORDED 03/17/1997 IN REEL 2434 PAGE 668, AS AMENDED BY SECOND AMENDMENT TO DECLARATION DATED 02/27/1998, RECORDED 05/14/1998 IN REEL 2570 PAGE 2484 AND FURTHER AMENDED BY THIRD AMENDMENT TO THE DECLARATION DATED 01/08/2003 RECORDED 02/24/2003 AS CRFN 2003000025754 (WHICH DECLARATION, AND ANY AMENDMENTS THERETO, ARE HEREINAFTER COLLECTIVELY CALL THE "DECLARATION"). THE UNIT IS ALSO DESIGNATED AS TAX LOT 1458 IN BLOCK 1113 OF SECTION 4 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT BUREAU OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF THE BUILDING CERTIFIED BY CK ARCHITECT, P.C. ON 11/11/1996, AND FILED WITH THE REAL PROPERTY ASSESSMENT BUREAU OF THE CITY OF NEW YORK ON 12/02/1996 AS CONDOMINIUM PLAN NO. 953 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON 12/2/1996 AS CONDOMINIUM MAP NO. 5406.

TOGETHER WITH AN UNDIVIDED 0.3395% INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION) OF TRUMP INTERNATIONAL HOTEL AND TOWER CONDOMINIUM.

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE EASTERLY SIDE OF BROADWAY AND THE SOUTHERLY SIDE OF 61ST STREET;

RUNNING THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF 61ST STREET, 195 FEET;

THENCE SOUTHERLY PARALLEL WITH THE WESTERLY SIDE OF CENTRAL PARK WEST, 261.54 FEET;

THENCE WESTERLY ALONG THE NORTHERLY SIDE OF GRAND CIRCLE (COLUMBUS CIRCLE), 37.96 FEET; AND

THENCE NORTHERLY ALONG THE EASTERLY SIDE OF BROADWAY, 316.37 FEET TO THE POINT OR PLACE OF BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| THE BOARD OF MANAGERS OF TRUMP INTERNATIONAL HOTEL & TOWER CONDOMINIUM, | Index No. /19 |
| Plaintiff, | |
| -against- | **NOTICE OF PENDENCY** |
| ECREE LLC, and "JOHN DOE" No. 1 through "JOHN DOE" No. 15, the true name of said Defendants being unknown to plaintiff, the parties intended to be those persons having or claiming an interest in the mortgaged premises described in the complaint by virtue of being tenants, or occupants, or judgment-creditors, or lienors of any type or nature in all or part of said premises, | |
| Defendants. | |

**NOTICE IS HEREBY GIVEN**, that an action has been commenced and is now pending in this Court upon the Complaint of the above-named plaintiff against the above-named defendants, for the foreclosure of a Lien for Unpaid Common Charges on residential unit 32G at 1 Central Park West, dated December 2, 2019 in the amount of $57,019.94 and recorded on December 3, 2019 in the Office of the City Register, New York County under CRFN 2019000394890 in favor of the plaintiff and against defendant ECREE LLC.

**NOTICE IS FURTHER GIVEN**, that the liened premises described in such Notices of Lien affected by said foreclosure action were, at the term of commencement of this action, and at the time of the filing of this notice, known as and located at residential unit 32G at 1 Central Park West, New York, New York 10023 and situated in

Block 1113, Lot 1458 of the tax map of the City of New York and are described in the said Notice as set forth in the description annexed as Exhibit A.

The Clerk of the County of New York is hereby directed to file this Notice of Pendency against all of the above-named defendants in this action.

Yours, etc.,

Dated: New York, New York
December 13, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By: _____
Robert T. Holland, Esq.
(Rule 130-1.1-a)

# A



## SCHEDULE "A"

THE CONDOMINIUM UNIT (HEREINAFTER CALLED THE "UNIT") IN THE BUILDING (HEREINAFTER CALLED THE "BUILDING") KNOWN AS TRUMP INTERNATIONAL HOTEL AND TOWER CONDOMINIUM IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, SAID UNIT BEING DESIGNATED AND DESCRIBED AS UNIT NO. 32G IN THAT CERTAIN DECLARATION, DATED AS OF 09/18/1996, MADE BY GRANTOR PURSUANT TO ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (HEREINAFTER CALL THE "CONDOMINIUM ACT") ESTABLISHING CONDOMINIUM OWNERSHIP OF THE BUILDING AND THE LAND (HEREINAFTER CALLED THE "LAND") UPON WHICH THE BUILDING IS SITUATE (WHICH LAND IS MORE PARTICULARLY DESCRIBED IN SCHEDULE A ANNEXED HERETO AND BY THIS REFERENCE MADE A PART HEREOF), WHICH DECLARATION WAS RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK (THE "CITY REGISTER'S OFFICE") ON 12/02/1996 IN REEL 2398 PAGE 561, AS AMENDED BY AMENDMENT TO DECLARATION RECORDED 03/17/1997 IN REEL 2434 PAGE 668, AS AMENDED BY SECOND AMENDMENT TO DECLARATION DATED 02/27/1998, RECORDED 05/14/1998 IN REEL 2570 PAGE 2484 AND FURTHER AMENDED BY THIRD AMENDMENT TO THE DECLARATION DATED 01/08/2003 RECORDED 02/24/2003 AS CRFN 2003000025754 (WHICH DECLARATION, AND ANY AMENDMENTS THERETO, ARE HEREINAFTER COLLECTIVELY CALL THE "DECLARATION"). THE UNIT IS ALSO DESIGNATED AS TAX LOT 1458 IN BLOCK 1113 OF SECTION 4 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT BUREAU OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF THE BUILDING CERTIFIED BY CK ARCHITECT, P.C. ON 11/11/1996, AND FILED WITH THE REAL PROPERTY ASSESSMENT BUREAU OF THE CITY OF NEW YORK ON 12/02/1996 AS CONDOMINIUM PLAN NO. 953 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON 12/2/1996 AS CONDOMINIUM MAP NO. 5406.

TOGETHER WITH AN UNDIVIDED 0.3395% INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION) OF TRUMP INTERNATIONAL HOTEL AND TOWER CONDOMINIUM.

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE EASTERLY SIDE OF BROADWAY AND THE SOUTHERLY SIDE OF 61ST STREET;

RUNNING THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF 61ST STREET, 195 FEET;

THENCE SOUTHERLY PARALLEL WITH THE WESTERLY SIDE OF CENTRAL PARK WEST, 261.54 FEET;

THENCE WESTERLY ALONG THE NORTHERLY SIDE OF GRAND CIRCLE (COLUMBUS CIRCLE), 37.96 FEET; AND

THENCE NORTHERLY ALONG THE EASTERLY SIDE OF BROADWAY, 316.37 FEET TO THE POINT OR PLACE OF BEGINNING.