UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br><br> Petitioner-Judgment Creditor, <br><br> -against- <br><br> REPUBLIC OF THE CONGO, as Judgment Debtor, and ECREE LLC, as Fraudulent Transferee of the Judgment Debtor, <br><br> Respondents. | Case No. 1:19-mc-00195 (KPF) |
| COMMISSIONS IMPORT EXPORT S.A., <br><br> Petitioner-Judgment Creditor, <br><br> -against- <br><br> REPUBLIC OF THE CONGO, <br><br> Respondent-Judgement Debtor. | Case No. 1:14-mc-00187 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONVERSION OF JUDGMENT INTO
U.S. DOLLARS AND 28 U.S.C. §1610(c) DETERMINATION**

Petitioner-Judgment Creditor Commissions Import Export S.A. ("Commisimpex" or "Petitioner") respectfully submits this Memorandum of Law in support of Petitioner's motion (i) to amend the 10/9/2013 Judgment (as defined below) to convert it from Euros to United States Dollars, as required by New York Judiciary Law §27(b), and (ii) for a determination pursuant to 28 U.S.C. §1610(c) that a reasonable period of time has elapsed following the entry of the

8/26/2015 Judgment (as defined below) such that Petitioner may proceed with attachment and

execution on the 8/26/2015 Judgment.

### Background

This is a proceeding pursuant to Fed. R. Civ. P. 69 and New York Civil Practice

Law and Rules ("CPLR") Article 52 with respect to a condominium unit known as Unit 32G at 1

Central Park West (the "Condominium"), New York, New York, in which Respondent-Judgment

Debtor Republic of the Congo (the "Republic" or "Congo") has an interest, and of which

Respondent Ecree LLC ("Ecree") is the fraudulent transferee.  Petitioner seeks to enforce the

judgments that it holds against the Republic, as against the Condominium, which is property of

the Republic held in the name of Ecree as fraudulent transferee of funds of the Republic.

The Republic has been in debt to Commisimpex since at least 1992 and has

been liable to Commisimpex under arbitration awards since at least 2000.[1]  Those debts and

arbitration awards culminated in, *inter alia*, a judgment in the amount, including interest, of

$771,060,106 (as of June 28, 2017) being entered against the Republic in the United States

District Court for the District of Columbia on October 9, 2013.  That judgment was duly

registered in this Court on June 18, 2014 under Case No. 14-mc-0187 (the "10/9/2013

Judgment").  A copy of the 10/09/2013 Judgment is available at ECF No. 20, Ex. 3.

A second judgment, in the amount of $189,781,887 (as of July 31, 2015), was

later entered against the Republic in the District Court for the District of Columbia, and that

---

[1] The Republic's liability to Commisimpex arises from contracts for public works and the supply of equipment by Commisimpex to the Republic, and related financings.  While no longer relevant since Commisimpex's rights have been long since been reduced to judgments, a fuller description of the grounds of the Republic's liability to Commisimpex may be found on ECF at 13-cv-713 (D.D.C.), ECF. No. 1, attachment 4.

judgment was duly registered in this Court on May 26, 2017, under Case No. 17-mc-0175 (the

"8/26/2015 Judgment").  ECF No. 20, Ex. 4.

This proceeding seeks turnover of the Condominium in partial satisfaction of the

10/9/2013 Judgment, which remains substantially unsatisfied in an amount that far exceeds the

value of the Condominium.  Indeed, both Judgments remain substantially unsatisfied, in amounts

far exceeding the value of the Condominium.[2]

By Order of the United States District Court for the District of Columbia dated

June 15, 2017 (s*ee* ECF No. 20, Ex. 6), Commisimpex has been authorized pursuant to 28

U.S.C. § 1610(c) to "pursue all applicable methods of attachment and execution" so as to satisfy

the 10/9/2013 Judgment.

## Argument

On August 29, 2019, Commisimpex requested the relief sought by this motion as

part of a proposed Order to Show Cause (ECF No. 16).  At the December 16, 2019 hearing, the

Court permitted Commisimpex to renew its request for the relief sought by this motion. *See*

Declaration of Charles R. Jacob III, ("Jacob Declaration"), Ex 5, Pg. 30:6-10.

### Point I

### THE 10/9/13 JUDGMENT SHOULD BE CONVERTED INTO U.S. DOLLARS, AND INTEREST ADDED

---

[2]With interest, which continues to accrue, the two Judgments exceed $1 billion. In addition, the Republic has been held *in contempt of court* by Judge Richard J. Leon of the United States District Court for the District of Columbia, as a result of which it owes fines to Petitioner "in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week." *See* ECF No. 20, Ex. 5. Thus, while Petitioner has achieved some recoveries against the Republic in other countries, the Condominium, which has an estimated value of $7 million, is far from enough to satisfy even the 10/9/2013 Judgment.

4816-9054-8912, v. 7

Commisimpex requests that an order be entered in the form annexed hereto as Exhibit 1 to the Jacob Declaration, pursuant to New York Judiciary Law § 27(b) and Fed. R. Civ. P. 58(a), amending the 10/9/2013 Judgment, so as to convert the 10/9/2013 Judgment from Euros to United States Dollars at the currency conversion rate applicable on October 9, 2013; and pursuant to 28 U.S.C. § 1961 adding applicable post-judgment interest thereto.

This relief is mandated by New York Judiciary Law § 27(b), which provides:

> In any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. *Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree*. [Emphasis added.]

Federal courts apply New York Judiciary Law § 27(b) to diversity actions such as this one. *See CRG Finance AG v. Prime Sun Power, Inc.,* 2014 WL 3398373, at *2 (S.D.N.Y. July 8, 2014) (applying judgment-day exchange rate to determine amount of judgment in dollars); *Rienzi & Sons, Inc. v. Puglisi,* 638 Fed. Appx. 87, 92 (2d Cir. 2016) (summary order) (same).

As set forth in Exhibit 2 to the Jacob Declaration (a screen shot from the website of the United States Federal Reserve Bank), on October 9, 2013 the rate of exchange between the Euro and the United States Dollar was $1.3513 per Euro.  As set forth in Exhibit 3 to the Jacob Declaration, the amount of the 10/9/2013 Judgment as converted to United States Dollars including interest at the statutory rate mandated by 28 U.S.C. § 1961 ("the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment"), is $772,562,221.53 as of December 31, 2019, plus interest at $2,325.13 per diem.

Accordingly, Commisimpex requests that an order be entered in the form annexed as Exhibit 1 to the Jacob Declaration, amending the 10/9/2013 Judgment, as registered in this Court on June 18, 2014, to reflect the required currency conversion and statutory interest.

4

4816-9054-8912, v. 7

**Point II**

**THE COURT SHOULD FIND THAT A REASONABLE TIME
HAS ELAPSED AS TO ENFORCEMENT
OF THE 8/26/2015 JUDGMENT**

As to the 8/26/2015 Judgment, Commisimpex requests an order pursuant to 28

U.S.C. § 1610(c), determining that a reasonable period of time has elapsed following the entry of

the 8/26/2015 Judgment such that Commisimpex may proceed with attachment and execution on

the 8/26/2015 Judgment.  28 U.S.C. § 1610(c) provides:

> No attachment or execution referred to in subsections (a) and (b) of this section
> shall be permitted until the court has ordered such attachment and execution after
> having determined that a reasonable period of time has elapsed following the
> entry of judgment and the giving of any notice required under section 1608(e) of
> this chapter.

Courts have found that a reasonable period of time has elapsed after just months rather than

years.  *See Peterson v. Islamic Republic of Iran,* 2013 WL 1155576, at *35 (S.D.N.Y. March 13,

2013) (finding that approximately three months was a reasonable period of time); *Gadsby &*

*Hannah v. Socialist Republic of Romania,* 698 F.Supp. 483, 486 (S.D.N.Y. 1988) (two months

constituted reasonable period of time); *Ferrostaal Metals v. S.S. Lash Pacifico,* 652 F.Supp. 420,

423 (S.D.N.Y. 1987) (three months constitutes a reasonable period of time).  Here, an even

longer amount of time has passed, four years, making it undoubtedly a reasonable period of time

following entry of the judgment. Additionally, such an order has already been entered as to the

10/9/2013 Judgment.  On June 14, 2017, United States District Judge Richard J. Leon of the

United States District Court for the District of Columbia ordered that "a 'reasonable period of

time' under Section 1610(c) has elapsed" with respect to the 10/9/2013 Judgment such that

Commisimpex "may pursue all applicable methods of attachment or execution of [the

Republic's] property to satisfy" the 10/9/2013 Judgment.  *See* ECF No. 20, Ex.6.

4816-9054-8912, v. 7

As over four years have now elapsed since entry of the 8/26/2015 Judgment, a "reasonable time" by any standard and longer than the time elapsed when Judge Leon entered the § 1610(c) order as to the 10/9/2013 Judgment, Commisimpex requests that an order be entered in the form annexed as Exhibit 4 to the Jacob Declaration as to the 8/26/2015 Judgment.

## Conclusion

Petitioner Commisimpex respectfully requests that the Court grant the relief requested in this motion.

Dated: January 14, 2020

GOULSTON & STORRS PC

By: _____

Charles R. Jacob III
Isabel P. Sukholitsky
885 Third Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 878-5143
Facsimile: (212) 878-6911
cjacob@goulstonstorrs.com
Isukholitsky@goulstonstorrs.com
*Attorneys for Petitioner*
*Commissions Import Export S.A.*

4816-9054-8912, v. 7