UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMISSIONS IMPORT EXPORT S.A.,
Petitioner,

v.

REPUBLIC OF THE CONGO and
ECREE LLC,
Respondents.

**19-mc-00195-KPF**

**RESPONDENT REPUBLIC OF THE CONGO'S REPLY IN SUPPORT OF MOTION TO VACATE CERTIFICATE OF DEFAULT AND FOR SUMMARY DISMISSAL OF PETITION**

**THE ASHCROFT LAW FIRM, LLC**
Michael J. Sullivan (*pro hac vice*)
Kimberly P. West (*pro hac vice*)
200 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-9400
Fax: (617) 933-7607
MSullivan@AshcroftLawFirm.com
KWest@AshcroftLawFirm.com

# TABLE OF CONTENTS

ROC HAS SHOWN GOOD CAUSE TO VACATE THE ENTRY OF DEFAULT ..................... 1

1. Default Judgements Are Disfavored, Particularly With Respect to Foreign Sovereigns. ... 1
2. The Republic Has Shown Its Default Was Not Willful. ..................................................... 2
3. ROC Has Presented A Strong Meritorious Defense. ......................................................... 4
4. Vacatur Will Not Cause Any Prejudice. ............................................................................. 4
5. Requiring ROC to Post Security Would Be Nonsensical in This Case. ............................. 5
6. Conditioning Vacatur on a "Coercive Remedy" in an Entirely Separate Proceeding Would Be Improper. ............................................................................................................ 5

CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

Africa Growth Corp. v. Republic of Angola, Civ. A. No. 17-2469 (BAH), 2018 WL 6329453, at *7 (D.D.C. Dec. 3, 2018) .......... 2

Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) .......... 4

Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC 779 F.3d 182, 186 (2d Cir. 2015) .......... 2,3

Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077–78 (2d Cir. 1995) .......... 4

Enka Insaat Ve Sanayi A.S. v. Gabonese Republic, 406 F. Supp. 3d 84, 89 (D.D.C. 2019) .......... 3

Farmer v. Fzoad.com Enterprises Inc., No. 17-CV-9300 GBDOTW, 2019 WL 6831269, at *5 (S.D.N.Y. June 13, 2019) .......... 4

Farmer v. Fzoad.com Enterprises Inc., 2019 WL 3948175 (S.D.N.Y. Aug. 21, 2019) .......... 4,5

First Fidelity Bank v. Gov't of Ant. and Barb., 877 F.2d 189, 196 (2d Cir. 1989) .......... 2

Guggenheim Capital, LLC v. Birnbaum .......... 2,3
722 F.3d 444, 455 (2d Cir. 2013)

Owens v. Republic of Sudan, 374 F. Supp. 2d 1, 9 (D.D.C. 2005) .......... 2

Pakter v. Janou Pakter, LLC, No. 16 CIV. 4288 (PAE), 2018 WL 1635239, at *4 (S.D.N.Y. Apr. 3, 2018) .......... 5

Republic of Kazakhstan v. Stati, 325 F.R.D. 507, 509 (D.D.C. 2018) .......... 3

Sales v. Republic of Uganda, No. 90-cv-3972, 1992 WL 406482, at *3 (S.D.N.Y. Dec. 30, 1992) .......... 2

Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 189–90 (2d Cir. 2017) .......... 5

**Statutes**

28 U.S.C. § 1610(a)…………………………………………………………………………….5

**Rules**

Fed. R. Civ. P. 55(c) ............................................................................................................ 1,4

Respondent Republic of the Congo ("ROC" or the "Republic") respectfully submits this Memorandum in Support of its Motion to Vacate Certificate of Default.

The Republic has no *property* interest in this proceeding but takes a strong *reputational* interest in it. Accordingly, ROC is requesting that the clerk's entry of default be vacated so ROC can defend its reputational interests and challenge the disparaging allegations made by Commisimpex and the hearsay-riddled exhibits accompanying its petition.

## ROC HAS SHOWN GOOD CAUSE TO VACATE THE ENTRY OF DEFAULT

Rule 55 provides that a "court may set aside [a clerk's] entry of default for good cause." Fed. R. Civ. P. 55(c). Here, ROC has made the requisite showing and should not be denied the opportunity to contest Commisimpex's damaging, uncorroborated allegations and show that the instant petition is founded on such anemic support that it would not survive a motion to dismiss. Nothing in Commisimpex's opposition brief overcomes the good cause for vacatur present here. The three relevant factors all favor granting ROC's motion to vacate: ROC did not willfully default; it has meritorious defenses; and Commisimpex would not be prejudiced by granting ROC's motion.

### 1. Default Judgements Are Disfavored, Particularly With Respect to Foreign Sovereigns.

Commisimpex's strained assault on virtually every aspect of the Republic's motion papers does not alter the prevailing, long-established principle disfavoring default judgments, particularly where foreign states are involved. The Second Circuit has cautioned that "[c]ourts should be particularly reluctant to issue a default judgment when the defendant is a foreign sovereign." First Fidelity Bank v. Gov't of Ant. and Barb., 877 F.2d 189, 196 (2d Cir. 1989)

("Courts go to great lengths to avoid [issuing] default judgments against foreign sovereigns or to permit those judgments to be set aside."); Sales v. Republic of Uganda, No. 90-cv-3972, 1992 WL 406482, at *3 (S.D.N.Y. Dec. 30, 1992) (same). Other federal courts that routinely see cases involving foreign states have further instructed that "[t]here is a strong presumption against the entry of a default judgment against a foreign state that has appeared in the case and expressed a desire to contest the claims." Owens v. Republic of Sudan, 374 F. Supp. 2d 1, 9 (D.D.C. 2005); see also Africa Growth Corp. v. Republic of Angola, Civ. A. No. 17-2469 (BAH), 2018 WL 6329453, at *7 (D.D.C. Dec. 3, 2018) (setting aside an entry of default obtained against Angola even after finding that default was willful, in part because foreign sovereigns are entitled to a presumption against default). That ROC has met the "good cause" standard of Rule 55 for vacatur is made all the more evident against the backdrop of this firmly-established policy, notwithstanding Commisimpex's protestations to the contrary.

**2. The Republic Has Shown Its Default Was Not Willful.**

Regarding its lack of willful default, ROC has provided a simple, direct explanation: the relevant decision-makers for the Republic were not aware of this proceeding until informed by counsel in September 2019. See Declaration of Michael Sullivan dated January 3, 2020 ("Sullivan Decl.") ¶ 2 (Dkt. #35-1) and Transcript of Conference dated December 16, 2019 ("Conference Transcript") at p.25 (Dkt. #36). Once made aware, the Republic promptly filed an appearance. Commisimpex's indignation over the straightforward brevity of the Republic's explanation is irrelevant to the analysis.

The cases cited by Commisimpex are distinguishable. Commisimpex cites the Bricklayers and Guggenheim cases heavily but fails to mention that these cases involve defendants who 1) were admittedly *fully aware* of the legal action against them and 2) failed to

present a meritorious defense. Further, neither case involved a foreign state. In Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, the court described a starkly different set of circumstances:

> "Here, there is no dispute that Duane Moulton was aware of the legal action pending against him and his company based on his own admissions and the fact that the corporate defendant requested, through counsel, an extension of time to respond. Despite this knowledge, the defendants failed to file a responsive pleading for over nine months after the receipt of the summons and complaint, nearly eight months after the defendants were informed that the plaintiffs had requested an entry for default, and six months after they were served with discovery demands."

779 F.3d 182, 186 (2d Cir. 2015) (also noting defendant's failure to present a meritorious defense). Likewise, in Guggenheim Capital, LLC v. Birnbaum, the court described a situation utterly distinct from the instant case, involving a defendant who 1) did not deny that he received the complaint, the court's orders, or the notice of default judgment, 2) violated the court's preliminary injunction, and 3) violated discovery orders. 722 F.3d 444, 455 (2d Cir. 2013) (also involving defendant who failed to present a meritorious defense).

Here, in contrast, ROC promptly made an appearance upon the Republic's Justice Minister being made aware of this proceeding.[1] Sullivan Decl. ¶ 2 and Conference Transcript at p.25. This fact alone undercuts the notion that ROC was willful in its default. See Enka Insaat Ve Sanayi A.S. v. Gabonese Republic, 406 F. Supp. 3d 84, 89 (D.D.C. 2019) (observing that "the manner in which the papers served by Petitioner were processed internally by [foreign sovereign] Respondents may have involved a combination of miscommunication, delay and a failure to exercise due diligence, but a willful default requires more than negligent conduct"), citing Republic of Kazakhstan v. Stati, 325 F.R.D. 507, 509 (D.D.C. 2018).

[1] Commisimpex's opposition memorandum includes the absurd suggestion that waiver of privilege occurs when an attorney discloses that he/she informed his/her client they have been named in a lawsuit – a statement of fact that under most circumstances is not privileged in any event.

**3. ROC Has Presented A Strong Meritorious Defense.**

Commisimpex's contention that a separate affidavit from the Republic is required is without legal support and frivolous. ROC's motion papers set forth, in detail, the elements of a fully developed motion to dismiss, including factual rebuttals, legal arguments, and supporting exhibits via declaration. (Dkt. #35 and exhibits). Further, Commisimpex's view has been directly repudiated by relevant legal authority. See Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077–78 (2d Cir. 1995) (district court abused its discretion in denying motion to vacate default judgment where affidavit from defendant's counsel was sufficient to support meritorious defense); Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (district court abused its discretion in requiring defendant to present conclusive evidence to show meritorious defense); see also Farmer v. Fzoad.com Enterprises Inc., No. 17-CV-9300 GBDOTW, 2019 WL 6831269, at *5 (S.D.N.Y. June 13, 2019) (assertions made by defense counsel at oral argument satisfied meritorious defense prong), report and recommendation adopted, 2019 WL 3948175 (S.D.N.Y. Aug. 21, 2019). ROC's defense—that it does not own the 32G Condo, that Commisimpex's petition is legally defective and is unsupported by competent competence—would constitute a "complete defense" under Second Circuit guidance and decidedly satisfies the more lenient meritorious defense analysis under Rule 55 here.

**4. Vacatur Will Not Cause Any Prejudice.**

Commisimpex will not be prejudiced by vacating the entry of default. There is no indication that vacatur in this case will cause witnesses to disappear, evidence to deteriorate, or assets to be dissipated. Between Commisimpex's prediction of certain misery and dysfunction if vacatur is granted and its strident opposition to the Republic's participation in this proceeding, it is difficult to discern any outcome that Commisimpex would not find prejudicial. The only

hardship for Commisimpex caused by vacatur here is that it will be required to make its case on the law and the merits, like any other litigant facing an opposing party. Vacatur of the entry of default, and the possibility of an outcome that falls short of Commisimpex's preferences, does not constitute prejudice. See Pakter v. Janou Pakter, LLC, No. 16 CIV. 4288 (PAE), 2018 WL 1635239, at *4 (S.D.N.Y. Apr. 3, 2018) ("Plaintiffs contend that they would be further prejudiced by vacatur of defendant's default because defendant has 'had more opportunity to further its damaging conduct as a result of its further delay.' But that argument assumes the merits outcome of this dispute.").

**5. Requiring ROC to Post Security Would Be Nonsensical in This Case.**

Commisimpex's demand for the posting of security ignores the basic question as to what purpose posting such security would serve in this proceeding. The Republic has no interest in the 32G Condo that Commisimpex is pursuing and therefore ROC does not present any competing claim, much less prejudice, to Commisimpex's collection efforts with respect to the 32G Condo, if such rights are shown to exist.[2]

**6. Conditioning Vacatur on a "Coercive Remedy" in an Entirely Separate Proceeding Would Be Improper.**

With respect to this proceeding, there is nothing preventing Commisimpex from investigating and attempting to develop evidentiary support regarding the key transaction on which its fraudulent conveyance theory hangs, namely, the payments made by the ROC to

[2] Taking Commisimpex's allegations as pled and assuming the 32G Condo belonged to ROC (which ROC unequivocally denies) would weigh against requiring security under these circumstances. See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 189–90 (2d Cir. 2017) (affirming district court's order denying petitioners' motion for a security on the grounds that "requiring Laos to post security would be tantamount to directing attachment of a foreign sovereign's assets and would therefore violate the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(a), which provides that where a foreign sovereign has waived its sovereign immunity, its property may be attached only if the property is 'used for a commercial activity in the United States'").

Asperbras pursuant to legitimate contracts. Nevertheless, it demands that the court fashion a coercive remedy regarding discovery in a separate proceeding as though there is some sort of equalization-among-proceedings principle that the court is obligated to honor. Commisimpex provides no legal support for demanding such a remedy in this proceeding.

## CONCLUSION

For the foregoing reasons, ROC's motion to vacate should be granted and, to the extent the court will consider such relief at this stage of the proceeding, the instant petition summarily dismissed as to the Republic.

Date: January 24, 2020

Respectfully Submitted,

/s/ Michael J. Sullivan
Michael J. Sullivan (*pro hac vice*)
/s/ Kimberly P. West
Kimberly P. West (*pro hac vice*)
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
(P) 617-573-9400
(F) 617-933-7607
MSullivan@AshcroftLawFirm.com
KWest@AshcroftLawFirm.com