UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMISSIONS IMPORT EXPORT S.A.,

                Petitioner,

                -v.-

REPUBLIC OF THE CONGO and ECREE LLC,

                Respondents.

19 Misc. 195 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    Petitioner initiated this proceeding on April 15, 2019. (Dkt. #1). On August 26, 2019, the Clerk of Court issued certificates of default as to Respondents Republic of the Congo and Ecree LLC, after neither party responded to Petitioner's petition for relief. (Dkt. #11, 12). On August 27, 2019, the Court entered an Order stating that, having read the Petition, the Court was not yet prepared to enter default judgment against Respondents. (Dkt. #13). The Court scheduled a conference for October 9, 2019, to discuss the matter further. (*Id.*). Before that conference was held, counsel for the Republic of the Congo appeared in this proceeding. (Dkt. #25, 29). Upon the Republic of the Congo's motion, the Court adjourned the conference scheduled for October 9, 2019, to December 16, 2019. (Dkt. #30).

    During the December 16, 2019 conference, the Republic of the Congo requested leave to move to vacate the certificate of default issued against it. (Dkt. #33). The Court granted the Republic of the Congo leave to file a motion to vacate the certificate of default on December 23, 2019. (*Id.*). On January 24, 2020, counsel for Ecree appeared in this proceeding. (Dkt. #45).

Ecree sought leave to move to vacate the certificate of default issued against it as well. (Dkt. #47). On February 12, 2020, the Court granted Ecree leave to file a motion to vacate the certificate of default.

The Court is now in receipt of the Republic of the Congo's motion papers to vacate the certificate of default (Dkt. #34, 35); Petitioner's opposition papers (Dkt. #43, 44); and the Republic of the Congo's reply papers (Dkt. #46). The Court is also in receipt of Ecree's motion papers to vacate the certificate of default (Dkt. #56, 57, 58, 59); Petitioner's opposition papers (Dkt. #60, 61); and Ecree's reply papers (Dkt. #62, 63). Finally, the Court is in receipt of Ecree's motion for oral argument concerning its motion to vacate the certificate of default issued against it. (Dkt. #64).

Federal Rule of Civil Procedure 55(c) permits a party to be relieved of default "for good cause," whereas a default judgment may only be set aside in accordance with Rule 60(b). Fed. R. Civ. P. 55(c). While Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a Rule 55(c) motion: "[i] whether the default was willful; [ii] whether setting aside the default would prejudice the party for whom default was awarded; and [iii] whether the moving party has presented a meritorious defense." *Peterson* v. *Syracuse Police Dep't,* 467 F. App'x 31, 33 (2d Cir. 2012) (summary order). "The same factors are applied in the context of a Rule 60(b) motion to set aside a default judgment, although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor." *Id.* There exists a "[s]trong public policy" in favor of

2

"resolving disputes on the merits." *Am. All. Ins. Co.* v. *Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

The Court begins by examining the issue of willfulness. In the context of a default judgment, "'willfulness' ... refer[s] to conduct that is more than merely negligent or careless." *SEC* v. *McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Delay causing the entry of default generally may be excused unless "the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* Both Respondents have provided affidavits that they did not receive actual notice of the Petition until after their time to respond had expired, and that Respondents promptly retained counsel and entered notices of appearance once they had actual notice. (Dkt. #35-1, 57).

Each Respondent's explanation for its lack of actual notice is not fully satisfying, but the Court must resolve any doubts in the defaulting parties' favor, and no there is no indication that Respondents acted with bad faith or willfulness. As to the Republic of the Congo, there is a "presumption against default in cases involving foreign sovereigns"; the manner in which "the papers served by Petitioner were processed internally by [the Republic of the Congo] may have involved a combination of miscommunication, delay and a failure to exercise due diligence, but a willful default requires more than negligent conduct." *Enka Insaat Ve Sanayi A.S.* v. *Gabonese Republic*, 406 F. Supp. 3d 84, 89 (D.D.C. 2019) (quoting *Republic of Kazakhstan* v. *Stati*, 325 F.R.D. 507, 509 (D.D.C. 2018)). As to Ecree, though Petitioner served Ecree through the New York Secretary of State — a method of service that is presumptively valid

3

for a New York corporation like Ecree — the Court takes judicial notice that Ecree's entity status on the New York State Department of State online registry is listed as "SUSPENDED," because the process addressee has resigned. *See* NYS Department of State, Division of Corporations, Entity Information for "Ecree LLC",

https://appext20.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY (last visited May 8, 2020). Thus, it is likely that Ecree did not receive notice through service to the New York Secretary of State. And courts in this Circuit have held that failure to keep current contact information with the New York Secretary of State is negligent, but not willful under Rule 55(c). *See, e.g.*, *Walden* v. *Lorcom Techs., Inc.*, No. 05 Civ. 3600 (ARR) (RER), 2007 WL 608151, at *3 (E.D.N.Y. Feb. 23, 2007). In light of this, the Court finds that Respondents did not have actual notice of this matter until after default had been entered, and that once they had notice of the matter they immediately took steps to appear. Though their respective failures to enter a timely appearance were negligent, they were not willful.

Further, the Court finds that Respondents have adequately demonstrated that a meritorious defense is available to them. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a [certificate of default], the defendant ... must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *McNulty*, 137 F.3d at 740 (quoting *Enron Oil Corp.* v. *Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)). This threshold is "very low." *Vedder Price P.C.* v. *US Capital Partners,*

*LLC*, No. 16 Civ. 6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017) (quoting *Micolo* v. *Brennan*, No. 07 Civ. 4901 (JS) (AKT), 2009 WL 742729, at *10 (E.D.N.Y. Mar. 18, 2009)).  "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage," but rather it must be "good at law so as to give the factfinder some determination to make."  *Am. All. Ins. Co.*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants* v. *Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)).  Here, Petitioner seeks to have a property owned by Ecree turned over to it in order to satisfy a judgment the Republic of the Congo owes Petitioner, under the theory that Ecree purchased the property through a fraudulent transfer of funds from the Republic of the Congo.  (Dkt. #1).  But Respondents have submitted an affidavit stating that Ecree purchased the property through funds it came by honestly, and that Ecree is the lawful owner of the property.  (Dkt. #57).  If this were proven at trial, it would constitute a complete defense to the relief Petitioner seeks.

In order for a party to demonstrate prejudice in the delay caused by lifting the default and permitting the litigation to continue, the party must show "the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion — circumstances that make it more difficult for plaintiff to prosecute its case."  *Vedder Price, P.C.*, 2017 WL 4180021, at *4 (quoting *Kuklachev* v. *Gelfman*, No. 08 Civ. 2214 (CPS) (VVP), 2009 WL 497576, at *3 (E.D.N.Y. Feb. 26, 2009)).  Petitioner notes that a foreclosure proceeding has been initiated against the property in question,

giving Petitioner a "specific and concrete reason why this case needs to proceed expeditiously." (Dkt. #61 at 16). And Petitioner argues that it has reason to believe that, should default be vacated, Respondents will not cooperate with discovery and will impede the expeditious litigation of the suit. (*Id.* at 16-18). The Court recognizes that Petitioner may suffer some prejudice as a result of the vacatur of the certificates of default. Nevertheless, the Court concludes that on balance, the three Rule 55(c) factors support vacatur, especially in light of the "strong policies favoring the resolution of genuine disputes on their merits." *See also Holford USA Ltd., Inc.* v. *Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) ("A default may be vacated upon a showing that the three factors on balance support relief.").

Nevertheless, the Second Circuit has held that, "'[i]n determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." *Filo Promotions, Inc.* v. *Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 647-48 (S.D.N.Y. 2018) (quoting *Powerserve Int'l* v. *Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) (citation omitted). A district court has "substantial flexibility" in fashioning an appropriate remedy. *Nat. Organics, Inc.* v. *TRC Nutritional Labs., Inc.*, No. 08 Civ. 3644 (DRH), 2009 WL 2957816, at *2 (E.D.N.Y. Sept. 10, 2009). "One such condition that is routinely imposed is the requirement that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default." *See Filo Promotions, Inc.*, 311 F. Supp. 3d at 647-48 (collecting cases).

6

The Court concludes that, in light of the prejudice that Petitioner would suffer from the vacatur of the certificates of default, it is appropriate to impose as a condition of the vacatur that Respondents reimburse Petitioner its reasonable attorneys' fees and costs incurred as a result of the default.[1] Petitioner is directed to file an application for attorneys' fees and costs as to each Respondent on or before **May 27, 2020**.  Petitioner shall include in its application materials time records for the attorneys' fees sought, billing rates sought, and substantiation for the billing rates sought.  Respondents are permitted to file objections to Petitioner's submission on or before **June 10, 2020**.  Once the Court determines the reasonable attorneys' fees and costs incurred as a result of each Respondent's default, it will provide a deadline within which such fees and costs are to be paid.  If the Respondent in question pays the fees and costs allocated to it, the certificate of default against it will be vacated; if it does not, that Respondent will remain in default and may be subject to a variety of sanctions, including the entry of a default judgment against it.

Nothing in this Order prevents the parties from seeking an amicable resolution in connection with the payment of fees.  If the parties reach such a resolution, they are directed to file a joint letter, no later than **May 27, 2020**, advising the Court of same.

---

[1]  Because the Court is not at this time vacating the certificate of default issued against the Republic of the Congo, the Court will not address the Republic of the Congo's motion for summary dismissal of the Petition.  (Dkt. #34, 35).

7

Because the Court is not in need of oral argument to resolve these issues, Ecree's motion for oral argument is DENIED. (Dkt. #64).

SO ORDERED.

Dated:     May 11, 2020
           New York, New York

                                             KATHERINE POLK FAILLA
                                             United States District Judge