

Charles R. Jacob III
cjacob@goulstonstorrs.com
(212) 878-5143  Tel

June 18, 2020

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re:  **Commissions Import Export S.A. ("Petitioner") v.
     Republic of the Congo ("Republic") and
     Ecree LLC ("Ecree"), 1:19-mc-00195-KPF**

Dear Judge Failla:

  We represent Petitioner and write to request a pre-motion conference with the Court concerning a proposed motion by Petitioner pursuant to Fed. R. Civ. P. 60(b)(2), (3) and (6), and Local Rule 6.3 of the Court, for reconsideration of the Court's May 11, 2020 Order (Doc. No. 65) (the "May 11 Order") on the grounds of newly discovered evidence, fraud and misrepresentation by an opposing party, the opposing parties in this case being the Republic and Ecree (collectively, "Respondents").

  The Court's familiarity with the background of the May 11 Order is assumed. Briefly, in order to vacate the defaults against them, Respondents needed to show, *inter alia*, a meritorious defense. May 11 Order at 2. The gist of both Respondents' argument in this regard was that there was no connection between the Republic, on the one hand, and Ecree's purchase of the subject luxury condominium on Central Park West (the "Condominium"). Respondents strenuously attacked the Petition's allegations that the Condominium was purchased on behalf of, and for the use of, the daughter of the President of the Republic, Claudia Lemboumba Sassou Nguesso ("Claudia"), as false and fabricated by journalists.

  The linchpin of Respondents' "meritorious defense" strategy was the Declaration of Jose Veiga ("Veiga") (Doc. No. 57), the alleged sole indirect owner of Ecree, in which Veiga declared to the Court under oath, among other things:

- "*I have no knowledge of or involvement in any of the allegations of the Petition*, claiming that the Republic of the Congo engaged in money laundering or fraudulent transactions. These allegations *bear no relationship to either myself or Ecree LLC*." (*Id*., ¶ 9, emphasis added);

Hon. Katherine Polk Failla
June 18, 2020
Page 2

---

- "The Condominium *was not purchased for use of the Republic of the Congo …*" (*id.*, ¶ 10, emphasis added); and

- "As far as I am aware, *the allegations in the Petition* [in this proceeding] are purely speculative and *have no basis in fact*." (*Id.*, ¶ 11, emphasis added).

Documents Petitioner received this Tuesday afternoon, June 16, in post-judgment discovery from the Board of the Condominium, including the application package submitted to the Board for Ecree's purchase of the Condominium, show that Veiga's statements above are false and perjurious. Among the documents so demonstrating are the following:

- multiple application documents stating that Claudia will be the "Occupant" of the Condominium and referring to her as the "Applicant" in connection with the purchase of the Condominium (Exhibit 1 hereto);

- *Veiga's own reference letter for Claudia*, which Veiga submits "on behalf of my good friend, Claudia Lemboumba Sassou Nguesso, who have [sic] applied to purchase an apartment in Trump International Hotel & Condominium" (*note*: Veiga refers *not to Ecree* as the purchaser, but rather to Claudia as the purchaser); and further states "I consider Claudia Lemboumba Sassou Nguesso one of my best friends" (Exhibit 2 hereto, emphasis added);

- Notes in the application papers stating: "Question on the Occupant [Claudia]…*What is her relationship to the LLC? …President of the Republic of Congo affiliated w/LLC*" (Exhibit 3 hereto, emphasis added);

- An email from the K&L Gates law firm stating that Claudia was "an authorized representative of Ecree LLC" (Exhibit 4 hereto); and

- Several additional documents indicating that Claudia, not Ecree, in fact was treated as the principal in this purchase transaction, including that information on her assets, not Ecree's, was submitted to the Board, and that she was an insured with the respect to the Condominium (Exhibit 5 hereto).

There is more relevant information in these newly-obtained documents; and *much* more to be said about the extent that both Respondents have misled the Court in their papers in support of their motion to vacate their defaults, and otherwise.

Space limitations in this pre-motion letter preclude a full discussion of those matters here. Petitioner simply requests the opportunity to put this information before the Court in full, because of our firm belief that the Court was intentionally misled – indeed, lied to by Veiga – with respect to the "merits" aspect of the briefing that led to the May 11 Order. We request a pre-motion conference with the Court to discuss the proposed motion for reconsideration of the May 11 Order on the grounds of newly-discovered evidence, fraud and misrepresentation by

Hon. Katherine Polk Failla
June 18, 2020
Page 3

---

Respondents – and possibly by their counsel in participating in the submission of what these newly-obtained documents show to be misstatements to the Court.[1]

     Petitioner also respectfully requests that the Court consider the foregoing in connection with the recently-completed briefing on the matter of Petitioner's legal fees.  The Court will see from these materials that Respondents' heated denial of any collusion between them in this matter is contravened by the facts, as these documents show that the Republic of Congo is the real party in interest and that Ecree is simply its "front" in this transaction.

                                    Respectfully submitted,

                                    *s/ Charles R. Jacob III*

                                    Charles R. Jacob III

cc:  All Counsel via ECF

---

[1] Petitioner's proposed motion under Fed. R. Civ. P. 60(b)(2), (3) and (6), and Local Rule 6.3 is timely because it is based on new evidence received only the day before yesterday, and it will be brought within the time limitations required under each rule.  *See Kurzweil v. Philip Morris Companies, Inc.,* 1997 WL 167043, at *3 (S.D.N.Y. April 9, 1997) ("Motions brought pursuant to Rules 60(b)(2) and (3) must be brought not more than one year 'after the judgment, order, or proceeding was entered or taken', and motions pursuant to Rule 60(b)(6) must be brought within a reasonable time."); *Smith v. City of New York*, 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) ("The fourteen-day time limit applicable to motions under Local Rule 6.3 does not, for present purposes, trump the time limits applicable under Rules 59(e) and 60(b)").

Petitioner is filing this letter at the earliest opportunity as we understand that Ecree is now offering the Condominium for sale, making time increasingly of the essence.  Petitioner has not conferred with counsel regarding this pre-motion letter because time is of the essence and Petitioner has a reasonable belief that such a conference would be futile.