

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Daniel A. Schnapp**
*Partner*
T 212-940-3026
dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY  10036-4120
212-940-3000

June 23, 2020

*VIA ECF & EMAIL*

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**RE:  Commissions Import Export S.A. v. Republic of the Congo et al., 1:19-mc-00195-KPF**

Dear Judge Failla:

As this Court is aware, this Firm represents Respondent Ecree LLC in the above-referenced matter. We write the Court to respond to Petitioner Commissions Import Export S.A.'s June 18, 2020 letter, in which Petitioner makes unwarranted claims regarding locating alleged "new evidence." (ECF No. 71). In its letter, Petitioner is improperly attempting to make an end-run around legitimate fact discovery and poison the well with more speculative allegations. For the reasons set forth below, Petitioner's request for a pre-motion conference is both procedurally and substantively defective, and should be denied.

## Background

This Court, in its May 11, 2020 Order (ECF No. 65) (the "May 11 Order"), determined that Ecree had not willfully defaulted and had presented a meritorious defense sufficient to vacate the certificate of default. In particular, this Court found that Ecree's defense that it purchased the One Central Park West Condominium (the "Condo") "through funds it came by honestly, and that Ecree is the lawful owner of the property," would "constitute a complete defense" if proven at trial. ECF No. 65, p. 5.

## Petitioner's Request is Procedurally Improper and Should Be Denied

First, Petitioner's attempt to use purported "new evidence" as a basis to file a Fed. R. Civ. P. 60(b)(2) motion for reconsideration is improper. Rule 60(b)(2) only permits the Court to "relieve a party or its legal representative from a ***final*** judgment, order, or proceeding" under six specific circumstances which do not apply here. Fed. R. Civ. P. 60(b)(2) (emphasis supplied). "A 'final order' within the meaning of the Rule 'is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Abdell v. City of New York, 759 F. Supp. 2d 450, 453-54 (S.D.N.Y. 2010) (internal citations omitted). The "denial of a default judgment is not a final order." Prince v. Ethiopian Airlines, 646 Fed. Appx. 45, 47 (2d Cir. 2016). As this Court's May 11 Order did *not* terminate the litigation, Petitioner's request should be denied on

this basis alone.[1]

## Petitioner's Request Lacks Merit and Should Be Denied

Beyond the procedural infirmities of Petitioner's request, Petitioner's alleged "new evidence", consisting of application documents apparently submitted to the Board of the Condominium and other internal records of the Board related to Ms. Claudia Lemboumba Sassou Nguesso's application to temporarily reside in the Condo, is not, in fact, "new" at all, as these underlying "new facts" were previously available to Petitioner.

The substance of Petitioner's "new" claims were already set forth in the Petition, which alleges that the Condo was purchased "for the benefit of the daughter of the Republic's President," and the basis for these allegation came from "detailed reporting in the *New York Times* and *Global Witness*." ECF No. 1, Pet. at ¶ 13, Ex. 5, 6. The *New York Times* article attached to the Petition claims that Mr. Veiga "wrote reference letters on behalf of the president's granddaughter to the condo association ahead of the sale. He called her 'one of my best friends' and said she would be a 'valued addition' to the Trump property," seemingly referencing Petitioner's Exhibit 2 to its June 18, 2020 letter. Id. at Ex. 5. The *Global Witness* article claims, "[i]ncluded in the apartment purchase documents is a form signed by Veiga, as representative of yet another front company for Claudia Sassou-Nguesso, giving the Trump Corporation, which is owned by Trump, authorization to carry out background checks on the purchaser," apparently in reference to Petitioner's "new" Exhibit 1. Id. at Ex. 6.[2]

Further, these documents do not contradict what Ecree has consistently presented to this Court, or that the funds used to purchase the Condo were not the product of money laundering or fraudulent transactions. ECF No. 59, p. 11-13.

The allegation that the funds used to purchase the Condo were "illegally or fraudulently transferred from the Republic" forms the basis of the Petition against Ecree, and was the central allegation considered by this Court when weighing whether Ecree had presented a meritorious defense sufficient to vacate the certificate of default. ECF No. 1, Pet. at ¶ 13.

Ecree alleged in its motion to vacate the default that it purchased the Condo with funds generated from work performed on legitimate infrastructure contracts, see, e.g., ECF No. 57 at ¶¶ 6-8, ECF No. 59, p. 11-13, ECF No. 62, p. 8-9, and this defense is not contradicted by the "new evidence." See ECF No. 71, Ex. 1 (seeming to list the "New Unit Owner" as Ecree LLC and the business or employer of the applicant as "Sebrit," whereas the "persons who will reside in this unit" as Claudia Lemboumba), Ex. 2 (including a recommendation letter to the Board apparently signed by Mr. Veiga, in which he describes his personal relationship with Ms. Lemboumba, calling her a "good friend"), Ex. 4 (containing emails from Ecree's prior K&L Gates counsel apparently providing the Board with necessary authorization in support of Ms. Lemboumba's application),

---

[1] Further, even if Rule 60(b) were applicable (which it is not), the Rule only "allows extraordinary judicial relief," and accordingly, "it is invoked only upon a showing of exceptional circumstances." Lipin v. Hunt, 573 F. Supp. 2d 830, 833 (S.D.N.Y. 2008) (internal quotations omitted) (emphasis supplied).

[2] To the extent that Petitioner subpoenaed these documents from the Board, Ecree notes it did not receive a copy of this subpoena and did not receive the full set of these documents until June 18, 2020, the same day Petitioner filed its letter.

The Honorable Katherine Polk Failla
June 23, 2020
Page 3

Ex. 5 (appearing to contain temporary one-month insurance coverage for the Condo).

Indeed, the documents are, on their face, unrelated to the origin of the funds used to purchase the Condo. Id. Instead, these documents appear to show that Ecree submitted documentation to the Board to authorize the Board to allow Ms. Lemboumba to live in Ecree's Condo, and that the Board processed these application documents. These documents include the application materials, Mr. Veiga's letter in support of the application, internal Board emails regarding the occupant, emails from Ecree's former counsel to the Board providing Ecree's authorization for the application, and proof of insurance for the Condo. ECF No. 71, Ex. 1-5.

Ultimately, none of these documents establish that Ecree was not an owner of the property or used illegal funds to purchase the Property, Ecree's main defense in this action.

Similarly, Petitioner has not submitted any evidence demonstrating Mr. Veiga's Declaration (ECF No. 57) to be false. Mr. Veiga has testified that the Condo was not purchased with funds derived from fraudulent or illegal transactions and was not purchased for the use of the Republic of the Congo. ECF No. 57 at ¶¶ 6-11. Mr. Veiga has not denied having a personal relationship with Ms. Lemboumba and her daughter, and has not denied that he allowed Ms. Lemboumba and her daughter to periodically stay in the Condo. In fact, Petitioner is well-aware that, according to the *Global Witness* article, Mr. Veiga was allegedly quoted as saying that he allowed Ms. Lemboumba to "stay in my apartment for a certain period of time." ECF No. 1, Ex. 5. Thus, these documents, which only appear to demonstrate that Mr. Veiga allowed Ms. Lemboumba and her daughter to use his Condo, have no bearing on who owns the Condo or the source of funds used to purchase the Condo.[3]

Notably, the purported personal relationship between Mr. Veiga and Ms. Lemoumba is entirely distinct from any alleged relationship between Ecree and the Republic. The judgments that Petitioner seeks to recoup in its Petition are against the Republic, not the family members of the President of the Republic. ECF No. 1, Pet. at ¶¶ 2-5. Any personal relationship with a family member of the President of the Republic is not only irrelevant to Petitioner's claims in the Petition, but also irrelevant at this stage in the litigation.

Accordingly, for the foregoing reasons, Ecree respectfully requests that this Court deny Petitioner's request for a pre-motion conference.

Respectfully Submitted,

By: /s/ Daniel Schnapp

cc: Counsel of record by ECF

---

[3] Petitioner makes broad conclusions, based on selective "new documents," that Ms. Lemboumba is the actual purchaser of the Condo, but discovery will show that Ecree is the owner of the Condo, which it purchased with funds that were not the product of money laundering or fraud. Discovery is also expected to show that the Condo was purchased in a post-9/11 real estate transaction, and accordingly, the Board likely required and applied rigorous screen procedures during the purchase application process, and that Ecree was forthcoming in disclosing to the Board individuals that might temporarily stay in the Condo. Finally, Petitioner attempts to draw conclusions based on handwritten notes, presumably written by members of the Condo Board, on the Board's internal emails regarding the "occupant" of the Condo, but these emails and handwritten notes do not appear to be attributable to Mr. Veiga and instead seem to confirm that Ecree is the purchaser and owner of the Condo. ECF No. 71, Ex. 3.