UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A.,<br>Petitioner,<br><br>v.<br><br>REPUBLIC OF THE CONGO and<br>ECREE LLC,<br><br>                Respondents. | No. 19-mc-00195-KPF |

**RESPONDENT ECREE LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PETITIONER'S RENEWED MOTION FOR
<u>INJUNCTION FREEZING PROCEEDS OF SALE</u>**

Nixon Peabody LLP<br>
Daniel A. Schnapp<br>
55 West 46th Street<br>
New York, NY 10036<br>
(212) 940-3000<br>
dschnapp@nixonpeabody.com

**PRELIMINARY STATEMENT**

Respondent Ecree LLC ("Ecree") respectfully submits this Memorandum of Law in Opposition to Petitioner Commissions Import Export S.A.'s ("Petitioner") renewed motion for injunction freezing proceeds of sale, filed on July 2, 2020. ECF No. 81. Petitioner requests, under Federal Rule of Civil Procedure 65, that this Court, first, issue a preliminary injunction to enjoin both Ecree and Respondent Republic of the Congo ("ROC") "from transferring or otherwise disposing of the proceeds of any sale [of] the Condominium that is the subject of this proceeding so as to remove such proceeds from the Southern District of New York." ECF No. 81, p. 1. Petitioner also requests that this Court enter "an order directing that such proceeds be deposited with the Court or otherwise held secure in escrow pending the outcome of this proceeding." Id.

Preliminarily, Ecree respectfully submits that, as set forth below, despite the clear deficiencies in Petitioner's motion, Ecree will not sell the One Central Park West Unit 32G Condominium (the "Condo") pending this litigation. Further, should Ecree accept an unsolicited offer regarding the Condo, Ecree will place any deposit or other proceeds of sale into an escrow and will not transfer the proceeds of any sale outside of the United States. In light of Ecree's assurances and because Petitioner's motion is based on pure speculation, no injunction is necessary.

Ecree opposes Petitioner's request for an injunction because the allegations underlying its request reflect a complete lack of due diligence in ascertaining whether the Condo was listed for sale prior to filing its initial motion, ECF Nos. 75-77, and Petitioner has continued to waste the Court's and the parties' time and resources in aggressively and repeatedly filing motions that are both procedurally and substantively improper.

1

Petitioner's instant motion comes after it previously filed – and then promptly withdrew – a similar motion for a preliminary injunction based on the mistaken assumption that the Condo was listed for sale because the Condo appeared on Corcoran's website even though the Condo was listed on the website as "sold." ECF Nos. 75-77. If Petitioner had conducted due diligence prior to bringing its latest motion, then Petitioner may have noticed that the Corcoran website was not only listed as sold, but that the last date of sale was in 2014. ECF No. 76, Ex. 1. Petitioner has now re-filed its motion, but its renewed motion has been downgraded to a generalized "concern[] as to a possible sale of the Condominium," and admits that the "immediate urgent nature of the requested injunctive relieve is therefore reduced." ECF No. 82, ¶¶ 3, 10. Further, had Petitioner simply made the effort to contact Ecree's counsel (as it could have regarding Petitioner's motion for a default), it is quite likely all motion practice on this issue could have been easily avoided, as Ecree has no intent to sell the Condo during the pendency of this litigation.

In fact, this is the **fourth** time that Petitioner has rushed to file a motion with this Court based purely on speculative allegations, and this Court has previously denied such filings, such as Petitioner's proposed Order to Show Cause, ECF No. 22, Petitioner's proposed default judgment, ECF No. 65, and Petitioner's proposed motion to reconsider the vacatur of default, ECF No. 74.  Moreover, all of these motions have been filed before Respondents have even filed a responsive pleading.

Making matters worse, Petitioner attempts to raise further speculation about the parties with repeated references to a Southern District of Florida complaint, United States v. Real Property Located at 900 Biscayne Boulevard, Unit #6107, Case No. 20-cv-22427 (MGC) (S.D.

Fla.) ("the Florida Complaint"), that in no way relates to Ecree. As set forth below, the inclusion of the Florida Complaint is an improper attempt to prejudice this Court against Ecree.

## ARGUMENT

### POINT I

### PETITIONER'S ACCUSATIONS IN SUPPORT OF ITS MOTION ARE MISGUIDED AND UNSUPPORTED

Petitioner, in its renewed motion for an injunction freezing the proceeds of the sale of the Condo, makes sweeping and specious accusations based on its concern that Ecree "has the ability to sell the Condominium and remove the proceeds from the Southern District of New York." ECF No. 82, ¶ 10.

Contrary to its allegations in its first motion for an injunction, Petitioner now acknowledges that Corcoran is not listing the Condo for sale. Instead, Petitioner has based its motion on the pending foreclosure proceeding initiated against Ecree in New York state court, which has been pending since December 2019. ECF No. 35, Ex. B. This foreclosure proceeding was based on alleged unpaid common charges, which are no longer pending. Id. Accordingly, Ecree anticipates that the foreclosure proceeding will be discontinued. Had Petitioner's counsel made an effort to discuss this proceeding with Ecree, Petitioner would have been aware that the claim regarding alleged outstanding common charges was being addressed.

Further, contrary to Petitioner's claims, Ecree has not sold the Condo, Ecree has no present intention to sell it, and would not do so in attempt to evade a judgement of this Court. Indeed, Petitioner does not point to a single piece of credible evidence to support such a claim.

In the same spirit of failing to communicate with Ecree's counsel, failing to conduct due diligence, wasting the time and resources of the Court and the parties, and attempting to retrofit unrelated accusations into Petitioner's claims as a litigation tactic, Petitioner repeatedly cites to

3

the entirely unrelated Florida Complaint as evidence of why Petitioner should be awarded an injunction. ECF No. 82, Ex. 2. In the Florida Complaint, the U.S. Attorney's Office for the Southern District of Florida brought an *in rem* forfeiture claim. Id. The Florida Complaint alleges that Denis-Christel Sassou Nguesso, a minister of parliament in the Republic of Congo ("the Congo") and the son of the Congo's president, embezzled funds from the Congo's oil company, Société Nationale des Pétroles du Congo ("SNPC"). Id. The Florida Complaint further alleges that Minister Nguesso, with the help of a U.S. resident and others, engaged in a series of financial transactions to transfer funds out of SNPC and then used those funds to purchase luxury goods and assets in the U.S. and elsewhere. Id. This complaint is of no moment – it is neither similar in fact nor similar in substance to the instant matter. Id. Most notably, the Florida Complaint does not mention or concern Ecree. Id. The inclusion of this Florida Complaint is an improper and transparent attempt by Petitioner to raise a non-existing issue to try and poison the well prior to a responsive pleading and legitimate discovery.

## POINT II

## ECREE OPPOSES AN INJUNCTION

Ecree opposes the preliminary injunction that Petitioner proposes. As outlined above, Petitioner's allegations regarding its concerns about a sale of the Condo are entirely based on speculation and a lack of any credible or relevant evidence. The Second Circuit has recognized that preliminary injunctions should not be issued based on pure speculation because "[p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley Transport Malmo AB v. Wabtec Corp., 559 F. 3d 110, 118 (2d Cir. 2009) (internal citations omitted).

Accordingly, absent any evidence to suggest an immediate threat of a sale of the Condo or the transfer of the proceeds of a sale, an injunction is inappropriate. Ecree assures this Court that no sale is planned, and it has no intent to evade a judgment of the Court. Should Ecree receive an unsolicited offer regarding the Condo, however, Ecree agrees to place any deposit or other proceeds of sale into an escrow account and will not transfer the proceeds of any sale outside the United States.

## CONCLUSION

For the reasons set forth above, Ecree respectfully opposes Petitioner's motion for an injunction.

Date:   July 8, 2020                                        Respectfully Submitted,

                                                            /s/ Daniel A. Schnapp
                                                            Daniel A. Schnapp