UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMISSIONS IMPORT EXPORT S.A.,
                               Petitioner,

                v.                                          **19-mc-00195-KPF**

REPUBLIC OF THE CONGO and
ECREE LLC,
                       Respondents.

**RESPONDENT REPUBLIC OF THE CONGO'S
RESPONSE TO PETITIONER'S RENEWED MOTION FOR
INJUNCTION FREEZING PROCEEDS OF SALE**

Respondent Republic of the Congo (the "Republic") respectfully submits this Response to Petitioner's Renewed Motion for Injunction Freezing Proceeds of Sale.

**PRELIMINARY STATEMENT**

As the Court well knows, the Republic steadfastly denies any interest in the 32G Condo and is indifferent to its ultimate disposition.  The Republic's concerns in the instant proceeding are limited to the prevention of additional harm to the Republic's reputation.  Where the Petitioner repeatedly misstates the record and offers logical fallacies for the Court's consumption, further damaging the Republic's reputation, the Republic is compelled to bring the misstatements to the Court's attention.

**ARGUMENT**

1.  **Misleading Characterization of President's Relationship with Ecree.**

Even in its description of previously filed documents already available to the Court, the Petitioner insists on offering a misleading summary:

Doc. No. 71, Exs.1-5 (showing, among other things, that the Condominium purchase

1

application includes a reference letter for Claudia from Veiga, Ecree's alleged indirect shareholder, referring to *Claudia* as the purchaser; that the board was interested to understand who Claudia was as an applicant and "authorized representative" of Ecree, and learned that the **"President of the Congo [is] affiliated" with Ecree**; and numerous documents showing that Claudia, not Ecree, was treated as the principal in the purchase).

(Dkt. #83 at pp. 1-2 (bolding added)).

Petitioner's characterization is deceptive.  Docket No. 71, Exhibit 3 does not say "'President of the Congo [is] affiliated' with Ecree."  Rather, Exhibit 3 is an email with handwritten text appearing to respond to several typed questions posed by one of the parties:

Question on the Occupant... what is her relationship to the LLC? This is usually listed in the application but there is nothing here... President of Republic of Congo        Affiliated w/ LLC

I see that Mivux S.A. has 100% interest in ECREE LLC, so I will need the Articles of Formation/Incorporation for Mivux S.A. Also, as Antonio Jose da Silva  Veiga is listed as Sole Member of Mivux S.A., I will need to run a background check on him. He will need to submit background check consent forms and 2 forms of photo ID.

Petitioner's selective citation fails to provide the context and accurately portray the exchange: "Question on the Occupant [i.e., Claudia] … what is her relationship to the LLC? This is usually listed in the application but there is nothing there…" (Dkt. #71, Ex. 3). The handwritten response: "President of Republic of Congo [lengthy space] Affiliated w/ LLC". (Id).

A more justifiable reading is that the handwritten text, written in response to a question *about Claudia*, is simply a note stating that *Claudia* is related to the President of the Republic and that *Claudia* is "affiliated" with Ecree.  However, such a reading would tend to corroborate Ecree's explanation of the Exhibits filed with Docket No. 71, and so Petitioner—rather than making an argument for its interpretation—submits a grossly misleading summary of the record generated in this proceeding.  The Court should reject Petitioner's ongoing efforts to use distortions and confusion rather than facts and logic to advance its case.

### 2.  Improper Attempt to Bias Court with Unrelated Facts.

The Petitioner raises a recent Complaint filed by the Department of Justice in the

Southern District of Florida, <u>United States v. Real Property Located at 900 Biscayne Boulevard, Unit #6107</u>, Case No. 20-cv-22427 (MGC) (S.D. Fla.) ("Miami Condo Complaint") three separate times in order to prejudice the Court against the Republic.  In the first instance, Petitioner asserts: "In the Miami Condo Complaint, the Government alleges, as does Petitioner here, that the ruling family of the Republic embezzled funds of the Republic so as to buy a luxury condominium in the United States for a child of the President of the Republic (there, the President's son; here, the President's daughter, Claudia)." (Dkt. #83 at pp. 3-4).  Petitioner asserts a false equivalence between the Miami Condo Complaint, which is comprised of allegations based on the plaintiff's own purported investigative work, and Petitioner's Petition where the factual allegations are entirely outsourced to campaigners from an activist NGO.  (See Dkt. #1-6).

In the second instance, the Petitioner asserts: "The Republic has failed to provide any affidavit testimony contradicting the allegations in the Petition and Ecree's filings have been shown to be perjurious.  The United States Department of Justice has just recently filed a similar complaint that the kleptocracy of the Republic is embezzling funds so its President's children can buy luxury condos in the United States.  See Jacob Decl., Ex.2." (Dkt. #83 at p. 7).  Petitioner is attempting to shift a burden that rest entirely on its own shoulders, namely, that of proving the merits of its case, and is ignoring the procedural posture of this proceeding.  To date and currently, the Republic is pursuing the vacatur of the certificate of default because it is a procedural prerequisite to the opportunity to present its meritorious defense to its fullest extent, whether by affidavit testimony or other evidence.  Petitioner's contention regarding affidavit testimony is nothing more than a red herring in its strategy of persuasion by sheer redundancy of hearsay.

Petitioner also fails to mention that the allegations of condo ownership in the Miami Condo Complaint are a straightforward citation of the name "Denis Christelle" on the deed to the property at issue.  Here, in contrast, the documented ownership of the 32G condo is documented to belong to Ecree, LLC, which is documented to belong to Jose Veiga, and the only relationship to the Republic are handwritten notes (which are misconstrued by Petitioner) regarding Ecree's arranging for Claudia's use of the 32G Condo as an occupant.

In the third instance, the Petitioner asserts:

As to the funds for the purchase having been embezzled from the Republic, the case is also very strong. Not only Global Witness but the New York Times reported that the Condominium was purchased with funds of the Republic that were illegally and fraudulently transferred from the Republic by its ruling family, for the benefit of Claudia, providing considerable factual detail. Doc. 1 at ¶ 13.  The facts that have emerged since are confirming those reports to be true.  The United States Department of Justice's recent Complaint in the Southern District of Florida alleges – in excruciating detail – how funds of the Republic were embezzled and laundered by the President's ruling family to buy a luxury condominium in Miami for the President's son (Claudia's brother), just as here.

(Dkt. #83 at pp. 7-8).

Again, Petitioner asserts a false equivalence between the Miami Condo Complaint, which is comprised of allegations based on the plaintiff's own investigative work (supported by affidavit), and the Petition here, where the factual allegations are entirely outsourced to a campaign piece from an activist NGO and an uncritical parroting by the New York Times in an article that did not corroborate any of Global Witness's claims.  While as a legal matter the government has merely presented unproven allegations in the Miami Condo Complaint, the "excruciating detail" in its allegations has the virtue of being sourced in purported first-hand investigative work and does not rely on the hearsay provided by activist campaigners.

**3. The Miami Condo Complaint Offers No Support for Petitioner's Fraudulent Transfer Theory.**

In its Reply, Petitioner makes another curious argument, again based on a parasitic effort to claim parity with the Miami Condo Complaint, that the absence of another declaration from Ecree's owner Jose Veiga is somehow relevant to Petitioner's concern that "persons who have the experience and expertise to create shell entities and place funds where they cannot easily be reached." (Dkt. #87 at pp. 2-3). Petitioner introduces a new conspiracy theory based on the Miami Condo Complaint that includes no mention of, reference to, or acknowledgement of Petitioner's 32G condo claim or the Global Witness campaign product on which it is based. The Republic would respectfully suggest that the increasingly conspicuous absence of any evidence to which Petitioner has applied even a modicum of original investigative effort in this proceeding is worthy of the Court's consideration.

## <u>CONCLUSION</u>

The Republic continues to maintain no interest in the 32G Condo but brings the foregoing to the Court's attention in light of the Petitioner's repeated misstatements to the record.

Date:  July 16, 2020                                    Respectfully Submitted,

<u>/s/ Michael J. Sullivan</u>
Michael J. Sullivan (*pro hac vice*)
<u>/s/ Kimberly P. West</u>
Kimberly P. West (*pro hac vice*)
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
(P) 617-573-9400
(F) 617-933-7607
MSullivan@AshcroftLawFirm.com
KWest@AshcroftLawFirm.com

5