

Charles R. Jacob III
cjacob@goulstonstorrs.com
(212) 878-5143  Tel

December 27, 2021

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re: *Commissions Import Export S.A. v. Republic of the Congo and Ecree LLC*, 1:19-mc-00195 (KPF)

Dear Judge Failla:

This joint letter is submitted by the parties as directed by the Court's October 27, 2021 Order (Doc. No. 93 at 16).  Respondents completed their reimbursement of legal fees (*id.*) on December 21, 2021.  Because the parties do not agree as to next steps in this matter, the parties' respective positions are set forth below.

**Petitioner-Judgment Creditor's Position**

Petitioner-Judgment Creditor Commissions Import Export S.A. ("Judgment Creditor") holds two unsatisfied judgments (the "Judgments") of this Court against the Republic of the Congo (the "Republic"): (1) a judgment in the amount of $772,562,221.53 originally entered on June 18, 2014, and as amended on July 17, 2020, in 1:14-mc-00187 (AJN) (Doc. No. 20 in that proceeding); and (2) a judgment in the amount of $189,781,887.17 entered on July 28, 2017 in 1:17-mc-0175 (Doc. No. 1 in that proceeding).

This is a judgment enforcement proceeding seeking the turnover, in partial satisfaction of the Judgments, of a condominium in Manhattan (Unit 32G at One Central Park West; the "Condo") nominally owned by Respondent Ecree LLC ("Ecree") but in fact purchased by and for the use of Claudia Lemboumba Sassou-Nguesso (the "President's Daughter"), daughter of the President of the Republic, Denis Sassou-Nguesso (the "President").  Because the Condo was purchased with funds embezzled from the Republic, it is an asset of the Republic against which the Judgments may be enforced.  *E.g., NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021 at *5 (D. Nev. 2014) (an "embezzler acquires no title to the property which he steals," including from a foreign republic).

Ecree is simply among the vehicles used to embezzle from the Republic. There is ample evidence of this already. Ecree purchased the Condo in 2014, when Ecree was newly formed and had no other assets or business, for $7,000,000 in cash. In previous post-judgment discovery, the condominium board produced documents showing, *inter alia*, that the occupant of the Condo would be the President's Daughter and that the President's Daughter submitted her own personal financial statement and references as an applicant to purchase the Condo. This documentation also refers to her as the "owner" and the "purchaser." As her financial statement submitted to the condominium board showed assets of substantially less than $7,000,000, it is a reasonable inference that the funds being used to purchase the Condo for the President's Daughter were not her money – it was the Republic's money.

Accordingly, the next step in this proceeding should be discovery forthwith from the Republic and Ecree as to the connections between and among the cash used to purchase the Condo and the President's Daughter, the President and the Republic. As the Second Circuit stated in *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207-08 (2d Cir. 2012):

> At the outset, we note that broad post-judgment discovery in aid of execution is the norm in federal and New York state courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2) … [and] Fed.R.Civ.P. 26(b)(1) (allowing a court to "order discovery of any matter relevant to the subject matter involved in the action"); *First City, Texas–Houston, N.A. v. Rafidain Bank,* 281 F.3d 48, 54 & n. 3 (2d Cir. 2002); *Libaire v. Kaplan,* 760 F.Supp.2d 288, 293 (E.D.N.Y. 2011).

> New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep. The New York Civil Practice Law and Rules provides that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." N.Y. C.P.L.R. § 5223; *see* David D. Siegel, *New York Practice* § 509 (5th ed. 2011) (describing § 5223 as "a broad criterion authorizing investigation through any person shown to have any light to shed on the subject of the judgment debtor's assets or their whereabouts").

The discovery sought by Judgment Creditor is necessary to further trace the Republic's funds used to purchase the Condo, from their embezzlement from the Republic, to Ecree, for the benefit of the President's Daughter. It will also further confirm that Ecree is just a front for the President's Daughter. It is proper post-judgment discovery in aid of execution.

Notably, <u>it is the stated position of the United States Government</u> that the President embezzles from the Republic on behalf of his children. Just last year the United States

Department of Justice filed a Complaint in the Southern District of Florida[1] alleging – in excruciating detail – how funds of the Republic were embezzled to buy a condominium in Miami for the President's son.  The Department of Justice describes a scheme "to launder money embezzled from" the Republic for the benefit of the President's children.  Among the points made by the Department of Justice:

- The President allowed the President's son to "embezzle[] millions of dollars" from the Republic and its state-owned entities (S.D. Fla. Compl. ¶ 17);
- This was done through "a network of bank accounts in the names of shell companies and nominees [like Ecree here] to attempt to conceal the money" (*id*. ¶ 18);
- The President and his family members have been investigated and charged with "corruption, money laundering and related crimes around the world" (*id*. ¶ 12) involving their "pattern in acquiring real property" (*id*. ¶ 72), generally in a manner substantially identical to how they used Ecree here.

There have likewise been numerous findings of international bodies that the rule of this President is that of a kleptocracy for the benefit of his family, thus including his daughter. Judgment Creditor respectfully submits that discovery should proceed forthwith, and will support turnover of the Condo in partial satisfaction of the Judgments.  Judgment Creditor has already served document requests on Ecree that can serve as its document requests in this proceeding as well.[2] Judgment Creditor will serve its document requests on the Republic on or before January 10, 2022.  Depositions can be discussed once the documents are produced.

Nothing in Respondents' discussions below should alter the normal course of post-judgment discovery.  It is axiomatic that "imposition of a stay [of discovery] is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision."  *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278 at *1 (S.D.N.Y. Jan. 22, 2002), *citing In re Chase Manhattan Corp. Sec. Litig.,* 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991).  Since the most important factor in considering whether to stay discovery is whether "defendant makes a strong showing that the plaintiff's claim is unmeritorious," *id*., and Respondents cannot make such a showing, the Republic's proposed motion to dismiss should not delay the commencement of discovery.

---

[1] *United States of America v. Real Property Located at 900 Biscayne Boulevard, Unit #6107, Miami, FL 33132*, 1:20-cv-22427-MGC (S.D. Fla.).   The Complaint is referred to as "S.D. Fla. Compl."

[2] In July 2021 Judgment Creditor served a subpoena *duces tecum* on Ecree in 1:14-mc-00187 (AJN).  Ecree moved to quash that subpoena on the ground that such discovery should occur *in this proceeding* before Your Honor.  The motion to quash is pending before Judge Nathan but will be rendered moot if discovery is granted as requested here.

Hon. Katherine Polk Failla
December 27, 2021
Page 4

**The Republic's Position**

The Republic understood the Court's October 27 Order to be a straightforward directive that the parties confer and provide an update regarding their respective intentions vis-à-vis procedural next steps and a proposed schedule for this proceeding. In light of the various allegations, citations to extraneous materials, and arguments submitted by Petitioner's counsel, we share our legal analysis in general terms below; however, we did not read Your Honor's Order as an invitation to supplement pleadings, make arguments regarding discovery, or submit the equivalent of pre-motion conference letters.

Upon the vacatur of the default, the Republic seeks to file a responsive pleading as provided defending litigants under the Federal Rules of Civil Procedure. Specifically, to that end, the Republic would respectfully request that it be permitted to file a pre-motion conference letter by January 10, 2022, setting forth the bases for a motion to dismiss. Should the Court conclude that a pre-motion conference is unnecessary, the Republic would propose February 16, 2022, as the due date for filing a responsive pleading. *See Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 6 (2d Cir. 1970) (vacating default remanding case "to the district court for the scheduling of the filing of pleadings, pre-trial discovery and other proceedings, as the court shall direct, and for assignment for trial on the merits"); *Sec. & Exch. Comm'n v. Cable/Tel Corp.*, 90 F.R.D. 662, 664 (S.D.N.Y. 1981) (vacating default judgment on the basis of excusable neglect and directing defendant to answer the complaint within twenty days of the filing of court's vacatur order).

If granted permission by the Court, and pursuant to the schedule established by the Court, the Republic intends to file a motion to dismiss on multiple grounds, including Rule 12(b)(6). The deficiencies in Petitioner's claim render the Petition appropriate for summary dismissal, notwithstanding Petitioner's strategy, as indicated above, to reframe its Petition around an "embezzlement" theory and obfuscate the fatal defects of its Petition. The Republic would submit that Petitioner should not be permitted to use discovery in hopes of finding a viable theory to support its speculation-dependent Petition. Pending the Court's permission, the Republic will set forth the legal and factual basis for dismissal via the proper medium and in the appropriate context.

**Ecree's Position**

Respondent Ecree objects to Petitioner's attempt to litigate this matter through this joint status report rather than through legitimate motion practice, and if need be, discovery and trial. Petitioner's allegations are based on rank hearsay, innuendo, and speculation and have no bearing on the next procedural steps in this matter.

Petitioner's argument, that these allegations, and the existence of unrelated litigation, require this Court to bypass the Federal Rules of Civil Procedure and immediately proceed to discovery, is similarly misguided. The Federal Rules of Civil Procedure are clear that Respondent Ecree is entitled to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i), 12(b)(6), and 55(c); *see also Oceanic Trading Corp.*, 423 F.2d at 6, *Johnson v. New York Univ.*,

324 F.R.D. 65, 69-72 (S.D.N.Y. 2018) (vacating certificates of default and permitting the defendants to respond to the complaint within 21 days), *American Federated Title Corp. v. GFI Mgmt. Srvs., Inc.*, 39 F. Supp. 3d 516, 520-522 (S.D.N.Y. 2014) (analyzing a motion to dismiss filed pursuant to Rule 12(b)(6) for an action for post-judgment relief brought pursuant to Rule 69).

      Therefore, Ecree joins Respondent Republic of the Congo in requesting that the Court permit Ecree to file a pre-motion conference letter by January 10, 2022 to set forth its bases for a motion to dismiss. In the alternative, Ecree requests that the Court set February 16, 2022 as the deadline for filing an answer or a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In accordance with the schedule set by this Court, Ecree intends to address the legal and factual bases for dismissal of the Petition at the appropriate stage.

      Finally, pursuant to the Court's October 27, 2021 Order, Ecree also confirms that it reimbursed Petitioner $15,843.50 for its share of attorneys' fees.

      Respectfully submitted,

      Charles R. Jacob III
      On Behalf of the Judgment Creditor

      Michael J. Sullivan
      On Behalf of the Republic

      Daniel A. Schnapp
      On Behalf of Ecree

cc:    All Counsel via ECF

The Court is in receipt of the parties' joint letter, dated December 27, 2021, outlining the parties' preferred next steps in this case following Respondents' payment of the court-ordered attorneys' fees.  (Dkt. #94).

The Court wishes to hear from Respondents on their purported bases for dismissal of this case.  Accordingly, the Court ORDERS Respondents to file pre-motion letters regarding their anticipated motions to dismiss on or before **January 10, 2022**.  Petitioner may file a responsive letter on or before **January 17, 2022**.  After reviewing these submissions, the Court will decide whether to hold a conference to discuss Respondents' anticipated motions and whether to permit discovery during the pendency of these motions.

Furthermore, in acknowledgment of Respondents' satisfaction of the Court's attorneys' fees order (Dkt. #93), the Court hereby GRANTS both of Respondents' motions to vacate the certificates of default that were entered against them.  As such, the Clerk of Court is directed to vacate these certificates of default and to terminate the pending motions at docket entries 34 and 56.

Date:      December 28, 2021          SO ORDERED.
           New York, New York

                                      *Katherine Polk Failla*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE