# **EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMISSIONS IMPORT EXPORT S.A.,
                                    Petitioner,

                v.

REPUBLIC OF THE CONGO and
ECREE LLC,
                                    Respondents.

19-mc-00195-KPF

**RESPONDENT REPUBLIC OF THE CONGO'S OBJECTIONS AND RESPONSES
TO PETITIONER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Civil Rules of the District Court for the Southern District of New York ("Local Rules"), and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), Respondent Republic of the Congo (the "Republic"), by and through undersigned counsel of record, hereby submits the following Objections and Responses to Petitioner Commissions Import Export S.A.'s ("Petitioner") First Requests for Production of Documents, served March 11, 2022 (the "Requests") in the above-captioned litigation.[1]

**GENERAL OBJECTIONS AND RESPONSES**

1. The Republic objects to Petitioner's Requests in their totality on the grounds that the Republic is a foreign state with the presumption of immunity from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, which is the exclusive basis for subject matter jurisdiction in any civil action in a federal court against a foreign state. *Saudi Arabia v. Nelson*, 507 U.S. 349 (1993). To date, this Court has made no determination that this Court has subject matter jurisdiction over this particular action, including the Republic as

---

[1] These objections and responses are provided solely and exclusively with respect to the above-captioned proceeding, Case No. 19-mc-00195-KPF.

defendant/respondent.  Therefore, Petitioner is not entitled to the discovery it seeks here.  *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990).

2.  The Republic objects to Petitioner's Requests as premature because this Court's subject matter jurisdiction under the FSIA has not been established, as required under *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493–94 (1983) ("At the threshold of every action in a District Court against a foreign state ... it must apply the detailed federal law standards set forth in the Act.").

3.  The Republic objects to Petitioner's characterization of this proceeding as an action to enforce judgments entered in the U.S. District Court for the District of Columbia ("DDC Proceedings") because this proceeding, in which the Republic is a nominal defendant, is an entirely new and different cause of action against third parties, with new and different legal theories, and therefore outside the scope of (a) any waiver-based FSIA exception to sovereign immunity that that court relied upon to establish jurisdiction in the DDC Proceedings, or (b) a federal court's enforcement jurisdiction

4.  The Republic objects to Petitioner's Requests in their totality on the grounds that this action is predicated on Petitioner's allegations that, if taken as true, describe a Condominium that under the FSIA is absolutely immune from attachment and execution, 28 U.S.C. § 1609, thus rendering discovery in general, and the production of documents in specific, (a) not relevant to the claims in this action, (b) unduly burdensome, and (c) an improper use of judicial and party resources.

5.  The Republic objects to the Requests to the extent they purport to require production of documents not reasonably calculated to lead to assets that can be levied upon in execution of a judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the

2

meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

6. The Republic objects the Requests to the extent they purport to require production of documents concerning any assets of the Republic that are immune from execution under the FSIA pursuant to 28 U.S.C. §§ 1609 – 1611.

7. The Republic objects to the Requests to the extent they purport to require production of documents concerning any assets of the Republic, a foreign state, that are immune from search, requisition, attachment or execution under the Vienna Convention on Diplomatic Relations, April 18, 1961, 500 U.N.T.S. 95, including without limitation Arts. 22, 30 and 31 thereof.

8. The objects to the Requests to the extent they purport to require production of documents concerning any assets of the Republic that are immune from requisition or execution under the Vienna Convention on Consular Relations, April 24, 1963, 596 U.N.T.S. 261.

9. The Republic objects to the Requests to the extent they purport to require production of documents concerning any assets of the Republic, wherever located, which would be immune from execution under any customary international legal norm, foreign law or European Union regulation, directive or other legal instrument, or under any laws similar to the FSIA that is in effect in any jurisdiction where such assets may be located.

10. The Republic objects to the Requests to the extent they purport to require production of documents concerning any assets of the Republic located outside the United States in a jurisdiction that would not recognize or enforce a United States judgment, or would only do so after procedures that have not yet been undertaken or brought to resolution.

11. The Republic objects to the Requests to the extent they purport to require production of documents concerning non-public diplomatic matters, national security matters, or international

security matters, including but not limited to classified or secret information the disclosure of which is barred under the laws of the United States, the laws of the Republic, or the laws of any other relevant jurisdiction.

12. The Republic objects to the Requests on grounds of comity interests, including those relating to the burden that the Requests might cause to the Republic, a foreign state, the Requests' potential for undermining international comity, and their potential for invading the sovereignty of foreign states.

13. The Republic objects to the Requests as unduly burdensome to the extent that any Request purports to require production of documents obtainable only from electronically stored sources that are not reasonably accessible because of undue burden or cost.

14. The Republic objects to the Requests as overly broad and unduly burdensome to the extent that any Request seeks information about assets whose value in comparison to the amount of the relevant judgments is too small to be reasonably practical for enforcement of the judgments.

15. The Republic objects to the Requests insofar as they (a) fail to specify a time frame, or (b) specify a time frame that is overly broad, unduly burdensome or would purport to require production of documents not reasonably calculated to lead to assets that can be levied upon in execution of a judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

16. The Republic objects to the Requests to the extent that they purport to require production of documents that are within the possession of Petitioner, third parties, and/or are publicly available.

17. The Republic objects to the Requests to the extent they are unreasonably cumulative, duplicative, or disproportionate to the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C).

18. The Republic objects to the Requests, including instructions and definitions, to the extent they are compound, overbroad and/or designed to evade any applicable limits as imposed by the Federal Rules of Civil Procedure or by order of the Court in this action.

19. The Republic objects to the Requests to the extent they are vague or ambiguous, or both, and, as such, would require the Republic to speculate as to their meaning.

20. The Republic objects to the Requests to the extent they seek production of documents that are not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence.

21. The Republic objects to the Requests to the extent they seek production of documents concerning events that occurred outside the timeframe relevant to this action.

22. The Republic objects to any Request to the extent that it purports to require the production of "all" or "any" documents, communications or records on the grounds that such requests are facially overbroad, unduly burdensome, and not proportional to the needs of this action, and to the extent it seeks documents that are not relevant to the claims and defenses asserted in this action.

23. The Republic objects to the Requests, including each of the definitions and instructions set forth therein, to the extent that they assume or characterize or are intended to assume or characterize, facts or law. By responding to any Request, the Republic does not indicate that it

agrees with or adopts any assumptions or characterizations about the facts or the law applicable to this action.

24. The Republic objects to the Requests to the extent they call for production of documents or information subject to the attorney-client privilege, the work-product doctrine, or other privileges, immunities, or protections from disclosure that may be applicable, whether based upon statute or recognized at common law, including the privileges, immunities, and protections provided under the Vienna Conventions, sovereign head-of-state immunity, and principles of international comity.

25. The Republic objects to the Requests to the extent that they purport to require production of documents the disclosure of which is barred or restricted by the laws of any jurisdiction to which the Republic or any of its assets may be subject, including but not limited to where any good-faith efforts to obtain leave from the relevant authorities in such jurisdiction to make such disclosure without fear of adverse consequences have proved unsuccessful

26. The Republic objects to the Requests to the extent they seek documents related to assets located outside the jurisdiction of the United States on the ground that such purported extraterritorial application of Fed. R. Civ. P. 69(a)(2) is improper, because there is "no clear indication" in the Rules Enabling Act, 28 U.S.C § 2072, that Congress intended to authorize such extraterritorial application of rules adopted pursuant to that act, and that accordingly such application of this rule exceeds the rule's purported Congressional authorization, as per *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), and *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), and improperly disregards the "presumption that United States law governs domestically but does not rule the world." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454 (2007).

27. These General Objections are hereby incorporated in the Republic's objections and responses below to each specific item of the Requests set forth hereafter, as if fully set forth at length therein.

28. Nothing herein shall be interpreted as an admission that any particular document requested in the Requests or disclosed in response to the Requests exists, is known or reasonably known to the Republic, is or will be relevant or admissible at any trial, hearing, motion or other proceeding in this or any other action, or in any judgment enforcement proceedings, whether in the United States or any other jurisdiction, or will not be protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity, is not barred from disclosure by any applicable law, or that executable assets of the Republic may exist in any particular jurisdiction.

29. The Republic expressly reserves the right to amend, supplement and/or correct these objections and responses to the Requests at any time.

## OBJECTIONS TO INSTRUCTIONS

**INSTRUCTION NO. 1:** Petitioner refers Respondent to Local Rule 26.3 for general definitions applicable to all discovery requests.

**OBJECTION TO INSTRUCTION NO. 1:** The Republic objects to this instruction to the extent that it may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 2:** If any Document responsive to any of these requests has been destroyed, please describe the destroyed Document in full and complete detail, state the date of its destruction, state the name of the author, state the name of the person who destroyed it, and set forth the reasons for its destruction.

7

**OBJECTION TO INSTRUCTION NO. 2:** The Republic objects to this instruction to the extent that it may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 3:** Any claim of privilege must be asserted in accordance with Local Civil Rule 26.2.

**OBJECTION TO INSTRUCTION NO. 3:** The Republic objects to this instruction to the extent that it may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 4:** Each request for Documents below seeks production of all Documents described, along with any attachments, drafts, non-identical copies, and translations of those documents that are in Defendant's possession, custody, or control.

**OBJECTION TO INSTRUCTION NO. 4:** The Republic objects to this instruction to the extent that it seeks disclosure of privileged information and may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 5:** Each Document requested below is requested to be produced in its entirety without deletions or excisions regardless of whether you consider the entire Document to be relevant.

**OBJECTION TO INSTRUCTION NO. 5:** The Republic objects to this instruction to the extent that it seeks disclosure of privileged information and may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 6:** All electronically stored information ("ESI") should be produced in single-page tagged image file format ("TIFF") linked to native file format (e.g., Microsoft Outlook, Excel, and Word files), unless the native format is not readily accessible (e.g., a file format that can be accessed only by proprietary software), with all associated metadata.

8

**OBJECTION TO INSTRUCTION NO. 6:** The Republic objects to this instruction to the extent that it seeks disclosure of privileged information and may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 7:** Each of these document requests is continuing in nature. Defendant shall supplement its responses to these requests in accordance with Fed. R. Civ. P. 26(e).

**OBJECTION TO INSTRUCTION NO. 7:** The Republic objects to this instruction to the extent that it seeks disclosure of privileged information and may purport to impose upon it obligations greater than or at variance with those imposed by applicable Federal Rules or Local Rules.

**INSTRUCTION NO. 8:** Unless otherwise stated in a specific request, all responsive Documents that were created from January 1, 2011, to the present are to be produced.

**OBJECTION TO INSTRUCTION NO. 8:** The Republic objects to this instruction as purporting to render the Requests overly broad and burdensome; or to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgments, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2). The Republic further objects to this instruction insofar as it purports to require production of documents having no relevance to the transactions and events alleged in the Amended Petition, the earliest of which allegedly occurred in January 2013.

## OBJECTIONS TO DEFINITIONS

**DEFINITION NO. 1:** "Petitioner" means the Petitioner-Judgment Creditor in this proceeding, Commissions Import Export S.A.

9

**<u>OBJECTION TO DEFINITION NO. 1</u>:** The Republic objects to this definition on the grounds to the extent the phrase "Petitioner-Judgment Creditor" blurs the legal distinctions between the roles of "Petitioner" and "Judgment Creditor", respectively, and constitutes improper legal conclusions that mischaracterizes the parties or this action under the Federal Rules and Second Circuit caselaw.

**<u>DEFINITION NO. 2</u>:** "Ecree," refers to Ecree LLC and, where applicable so as to be inclusive with respect to Your document production, its members, agents, attorneys, officers, directors, employees, partners, agents or affiliates.

**<u>OBJECTION TO DEFINITION NO. 2</u>:** The Republic objects to this definition on the grounds that the phrase "where applicable so as to be inclusive with respect to Your document production, its officials, agents, attorneys, officers, employees, agents or affiliates" is ambiguous, overbroad, disproportionate to the needs of this case, and would require the Republic to produce documents that are not within its possession, custody, or control.  The Republic further objects to this definition on the grounds that the terms "agents" and "affiliates" are overbroad, ambiguous and to the extent they call for a legal conclusion.

**<u>DEFINITION NO. 3</u>:** "Republic" "You" or "Your" refers to Respondent-Judgment Debtor Republic of the Congo and, where applicable so as to be inclusive with respect to Your document production, its officials, agents, attorneys, officers, employees, agents or affiliates.

**<u>OBJECTION TO DEFINITION NO. 3</u>:** The Republic objects to this definition on the grounds to the extent the phrase "Respondent-Judgment Debtor" blurs the legal distinctions between the roles of "Respondent" and "Judgment Debtor", respectively, and constitutes improper legal conclusions and vocabulary that mischaracterizes the parties or this action under the Federal Rules and Second Circuit caselaw. The Republic further objects to this definition:

   a. On the grounds that the phrase "where applicable so as to be inclusive with respect to Your document production, its officials, agents, attorneys, officers, employees,

10

agents or affiliates" is ambiguous, overbroad, disproportionate to the needs of this case, and would require the Republic to produce documents that are not within its possession, custody, or control;

b. To the extent it conflates the Republic with non-parties to this litigation, including the President of the Republic and members of the President's family;

c. On the grounds that the terms "agents" and "affiliates" are overbroad, ambiguous and to the extent they call for a legal conclusion;

d. On attorney and work product grounds insofar as it includes "attorneys".

**DEFINITION NO. 4:** "The President's Daughter" refers to Claudia Sassou-Nguesso, daughter of Denis Sassou-Nguesso, president of the Republic.

**OBJECTION TO DEFINITION NO. 4:** The Republic objects to this definition to the extent it conflates the Republic with non-parties to this litigation, including the President of the Republic, and to the extent it would require the Republic to produce documents that are not within its possession, custody, or control.

**DEFINITION NO. 5:** "Trump International Condo Board" refers to The Board of Managers of Trump International Hotel & Tower Condominium, and includes Trump International Management Corp. and any other entity acting as manager, agent or representative of the Trump International Condo Board.

**OBJECTION TO DEFINITION NO. 5:** The Republic objects to this definition on the grounds that the term "entity acting as manager, agent or representative" is vague and ambiguous, and to the extent it calls for a legal conclusion or would require the Republic to speculate as to its meaning.

**DEFINITION NO. 6:** "Unit 32G" refers to the condominium known as Unit 32G at One Central Park West, New York, New York.

**OBJECTION TO DEFINITION NO. 6:** The Republic objects to this definition to the extent it purports to assume or characterize facts or law regarding "Unit G."

**DEFINITION NO. 7:** "Sebrit" refers to Sebrit Limited, the entity referred to by Jose Veiga in paragraph 6 of his Declaration dated February 20, 2020.

**OBJECTION TO DEFINITION NO. 7:** The Republic objects to this definition to the extent it purports to rely upon a Declaration by Jose Veiga that Petitioner elsewhere in this litigation has cited in selective, self-serving fashion and has repeatedly disparaged as unreliable.

**DEFINITION NO. 8:** "Asperbras" refers to Asperbras LLC, a Brazilian entity believed to have entered into contracts with the Republic.

**OBJECTION TO DEFINITION NO. 8:** The Republic objects to this definition to the extent it seeks to conflate "Asperbras LLC" with any other entity or purports to assume or characterize facts or law regarding the same. The Republic further objects to this definition to the extent it conflates the Republic with non-parties to this litigation and implicates the Republic's objections to Definition No. 3 above.

**DEFINITION NO. 9:** "Costwolds" refers to the entity or entities known as Costwolds Partners and/or Costwolds Partners S.A. that wired funds for payment of Ecree's obligations with respect to Unit 32G and provided a reference for the President's Daughter in connection with Ecree's purchase of Unit 32G.

**OBJECTION TO DEFINITION NO. 9:** The Republic objects to this definition to the extent it purports to assume or characterize facts or law regarding "funds", "Ecree", and "Unit G". The Republic further objects to this definition to the extent it conflates the Republic with non-parties to this litigation and implicates the Republic's objections to Definition Nos. 3 and 4 above.

12

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with the Trump International Condo Board or any representative of the Trump International Condo Board.

**OBJECTION AND RESPONSE TO REQUEST NO. 1:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.  The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 2:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Ecree or any representative, agent or agency of Ecree.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.  The Republic further objects to this

13

Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. The Republic further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "representative", "agent" and "agency", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 3:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Jose Veiga.

**OBJECTION AND RESPONSE TO REQUEST NO. 3:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 4:** All documents, including without limitation all e-mails and texts, concerning or comprising communication with any entity owned or controlled by Jose Veiga.

14

**OBJECTION AND RESPONSE TO REQUEST NO. 4:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. The Republic further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "owned" and "controlled", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 5:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Costwolds or any representative, agent or agency of Costwolds, or referring directly or indirectly to Costwolds.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this

15

Request as vague and ambiguous with respect to the intended meaning or scope of the terms "representative", "agent", "agency", and "referring directly or indirectly", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 6:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Sebrit or any representative thereof or referring directly or indirectly to Sebrit.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "representative" and "referring directly or indirectly", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 7:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Asperbras or any representative, agent or agency of Asperbras or referring directly or indirectly to Asperbras.

**OBJECTION AND RESPONSE TO REQUEST NO. 7:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this

16

Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case. The Republic further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "representative", "agent", "agency", and "referring directly or indirectly", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 8:** All documents, including without limitation all e-mails and texts, concerning the direct or indirect transfer of the Republic's funds to or for the benefit of the President's Daughter.

**OBJECTION AND RESPONSE TO REQUEST NO. 8:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party. The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks

17

documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.  The Republic further objects to this Request as vague and ambiguous with respect to the intended meaning or scope of the terms "direct or indirect transfer" and "Republic's funds", and to the extent the aforementioned terms call for a legal conclusion.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 9:** All documents, including without limitation all e-mails and texts, concerning, referring or relating to Unit 32G.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.  The Republic further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 10:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with the President's Daughter.

18

**OBJECTION AND RESPONSE TO REQUEST NO. 10:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.  The Republic further objects to this Request on the grounds that it is overly broad, vexatious and unduly burdensome because it seeks documents that are irrelevant to this action, exceeds the scope of permissible discovery, and is not proportional to the needs of the case.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 11:** All documents, including without limitation all emails and texts, concerning any relationship, business or otherwise, between the President's Daughter and Jose Veiga.

**OBJECTION AND RESPONSE TO REQUEST NO. 11:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

19

**REQUEST NO. 12:** All documents, including without limitation all e-mails and texts, concerning or comprising communications with Energy & Mining Asp. Inc.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 13:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and Ecree.

**OBJECTION AND RESPONSE TO REQUEST NO. 13:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 14:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and Jose Veiga.

20

**OBJECTION AND RESPONSE TO REQUEST NO. 14:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 15:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and the Trump International Condo Board.

**OBJECTION AND RESPONSE TO REQUEST NO. 15:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 16:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and Costwolds.

21

**OBJECTION AND RESPONSE TO REQUEST NO. 16:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 17:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and Sebrit.

**OBJECTION AND RESPONSE TO REQUEST NO. 17:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

**REQUEST NO. 18:** All documents, including without limitation all e-mails and texts, concerning or comprising communications between the President's Daughter and Energy & Mining Asp. Inc.

22

**OBJECTION AND RESPONSE TO REQUEST NO. 18:** In addition to the foregoing General Objections, Objections to Instructions and Objections to Definitions, the Republic objects to this Request on the grounds that it seeks documents that were not created by the Republic, or are not currently in its possession, custody, or control. The Republic further objects to this Request to the extent it seeks to impose upon the Republic an obligation to acquire, review, or otherwise have knowledge of information or documents that are in possession of others, or seeks documents that Petitioner may obtain from a third party.

In light of the foregoing, the Republic stands by its objections, including that Petitioner is not entitled to the discovery it seeks here.

Dated:  April 11, 2022
         Boston, Massachusetts

ASHCROFT LAW FIRM, LLC

By_____
Michael J. Sullivan (*pro hac vice*)
Brian J. Leske (*pro hac vice*)
Nathan P. Brennan (*pro hac vice*)
200 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-9400
msullivan@ashcroftlawfirm.com
bleske@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for Republic of the Congo*

23