

May 9, 2022

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



**Re:** *Commissions Import Export S.A. v. Republic of the Congo, et al.*, 1:19-mc-00195-KPF

Dear Judge Failla:

Pursuant to Your Honor's Individual Rule 3C, Respondent Republic of the Congo (the "Republic") respectfully submits this responsive letter to Petitioner Commissions Import Export S.A.'s ("Petitioner") letter motion (Dkt. 112) ("Pet. Letter Mtn.").[1] As discussed below, the parties' discovery dispute concerns the Republic's good-faith and compelling argument that the Petitioner's sweeping discovery requests—which extend not only to all the Republic's bank accounts, assets, debts, foreign investments throughout the world, but to personal communications between the President of the Republic and his family—are improper and premature, particularly in the absence of a finding by this Court that it has jurisdiction over the Republic and this action.[2]

Nor did the Republic unilaterally grant itself a stay pending resolution of its motion to dismiss in contravention of this Court's February 17, 2022 Order (Dkt. 101), as Petitioner suggests. Subject matter jurisdiction is not simply an argument in a motion. It is a limitation on a court's power that must be established at the outset of any action and it is the responsibility of both the parties and court to ascertain. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493–94 (1983) (subject matter jurisdiction must be established "[a]t the threshold of every action in a District Court against a foreign state"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). The Republic's position below is based on these principles.

I.  **The Parties and the Court Were Well Aware of the Parties' Fundamental Disagreement Regarding the Scope of Discovery Given the Unique Circumstances**

Petitioner feigns both shock and outrage at the Republic's responses to Petitioner's discovery requests, which extend to two separate sets of interrogatories (one previously served in a different case), a request for production of documents, and a notice of deposition. In (unhelpful) rhetoric on each page of its letter-motion, Petitioner accuses the Republic of "[m]aking a mockery of" and

---

[1] The Republic notes that Petitioner's letter-motion does not "request[] an informal conference" per Your Honor's Rule 3C but rather an order compelling the Republic to provide discovery.
[2] During the parties' "meet and confer," the Republic requested Petitioner to consider narrowing its requests. Petitioner agreed to consult with his client. Petitioner's response to the Republic was to file the instant letter-motion.



"thumbing its nose at" this Court's ruling declining to stay the discovery process, and further characterizes the Republic's position as "contempt" of that ruling. Pet. Letter Mtn. at 1, 2, 3.

The Republic's discovery responses, of course, do no such thing. The Republic's discovery concerns were stated on the record at the February 16, 2022 conference addressing its anticipated motion to dismiss and discussed openly with the Court. At the conclusion of the conference when the Court declined to formally stay discovery, the Republic's counsel stated: "just on the issue of discovery, I'm concerned that we're going to be back before you in terms of what Mr. Jacob is going to be seeking for purposes of discovery." February 16, 2022 Remote Conference Transcript ("Conf. Tr.") 20:7-10. Counsel continued: "I have not researched the point, your Honor, but the question becomes whether there's any authority to do that type of broad-based discovery based on a turnover request for an asset in New York." Conf. Tr. 20:20-32.

In response to Republic's counsel, the Court acknowledged this virtual certainty:

> You began this section of your discussion by noting a concern that we would be back before me again. I fully expect that we will be, sir, and so I imagine there will be fights about the scope of discovery. And by the time Mr. Jacob formulates and serves his requests, you and I will be better researched on those issues.

Conf. Tr. 21:6-1. At the time the Court declined to stay the discovery process, the court presumably recognized that: (1) the Republic had not yet had the opportunity to challenge this Court's jurisdiction over it or the action; (2) there had been no briefing on whether a foreign sovereign could be subjected to discovery; and (3) the posture of the case could be materially altered by the filing of an Amended Petition, which it was, as discussed in the pending motion to dismiss.

The parties' fundamental disagreement regarding the nature of this action based on a newly amended Petition has now emerged within the context of this discovery dispute. Far from acting contemptuously or showing anything but respect for this Court and its orders, the Republic seeks to do nothing more than to defend itself and its sovereignty in this (baseless) litigation. Nor is there anything in the Court's ruling that contemplates—let alone "clearly" so, as Petitioner asserts—an immediate production of documents by the Republic without additional Court involvement. Pet. Letter Mtn. at 3. To the contrary, the Court understood there may be a better understanding of the discovery scope and process based on further research by the parties (and the Court).

**II.    Subject Matter Jurisdiction Over An Action—Particularly Where Foreign Sovereign Immunity Is Involved—Is a Threshold Issue That Must Be Resolved At the Outset**

The question whether this Court has subject matter jurisdiction over this action is critical at this juncture to determine the scope of discovery, including whether it may move forward at all. *Rhode Island v. Massachusetts*, 37 U.S. 657, 718 (1838) ("Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them . . . ."); *Verlinden*, 461 U.S. at 493–94 ("At the threshold of every action in a District Court against a foreign state ... it must apply the detailed federal law standards set forth in the Act.").

Case 1:19-mc-00195-KPF   Document 114   Filed 05/11/22   Page 3 of 5



The Second Circuit itself has pointed out that "it is important to distinguish discovery requests made before a court conclusively has jurisdiction over a foreign sovereign from those made after such jurisdiction has been ascertained." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209–10 (2d Cir. 2012). The Second Circuit also has recognized that there is a difference between discovery aimed at a sovereign and discovery aimed at a third party. *Id*. at 205 ("We hold that because the Discovery Order involves discovery, not attachment of sovereign property, *and because it is directed at third-party banks*, not at Argentina itself, Argentina's sovereign immunity is not infringed.") (emphasis added).

### III. In the Absence of a Finding that This Court Has Subject Matter Jurisdiction Over this Action, Petitioner's Broad-Based Discovery is Improper and Premature

In the instant case, subject matter jurisdiction over this action has not been determined, let alone "conclusively" determined. In addition to seeking discovery from a third party, Petitioner directs discovery at a sovereign.[3] Although Petitioner assumes that this Court has ancillary jurisdiction over this action simply based on its status of a judgment creditor and therefore full discovery is permitted, *see* Pet. Letter Mtn. at 3 (citing *Epperson v. Entertainment Express, Inc.,* 242 F.3d 100, 105 (2d Cir. 2001)), that oversimplification has never been the law in this Circuit.

Under *Epperson*, for ancillary jurisdiction to apply, the action must operate as a straightforward collection mechanism against a debtor. The Amended Petition—filed after the Court's discovery ruling—does nothing of the sort and newly seeks to invoke this Court's inherent and discretionary authority to adjudicate sensational allegations about the Republic's President—not the Republic, against whom the judgment was rendered—to prove a substantive theory that necessarily requires establishing veil-piercing or alter ego liability on the part of multiple third parties and non-parties.

Although Petitioner undoubtedly will disclaim such an assertion, multiple post-*Epperson* district courts have explicitly rejected attempts to plead an action into the confines of *Epperson*, specifically concluding that subject matter jurisdiction does *not* exist simply because a judgment creditor seeks to collect a judgment by purporting to trace the judgment debtor's assets into the hands of a third party. *Knox v. Orascom Telecom Holding S.A.E.*, 477 F. Supp. 2d 642, 646 (S.D.N.Y. 2007) (rejecting ancillary jurisdiction because "Plaintiffs do not assert that the funds at issue here were fraudulently conveyed by the [judgment debtor] to [a third party] in order to avoid this Court's judgment."), *reconsideration denied*, 242 F.R.D. 251 (S.D.N.Y. 2007); *see also Est. of Ungar v. Orascom Telecom Holding S.A.E.*, 578 F. Supp. 2d 536, 549 (S.D.N.Y. 2008).

In responding to Petitioner's requests, the Republic has not flouted this Court's initial ruling but rather has legitimately asserted its rights as a sovereign and objected to providing Petitioner broad-based information and documents until jurisdiction over it and the action has been established. At no time has the Republic had the opportunity to challenge Petitioner's claim of ancillary jurisdiction and Petitioner is not entitled to discovery *in this action* simply because it holds a judgment against the Republic in another case. In sum, no Court order to compel is warranted.

---

[3] As stated in its letter-motion (at 2), Petitioner has served discovery on Respondent Ecree LLC, the owner of the condo. Produced documents show the condominium at issue is not now, or has never been, owned by the Republic.

200 State Street   |   7th Floor   |   Boston, MA 02109   |   Tel: 617 573 9400
www.AshcroftLawFirm.com
Austin   |   Boston   |   St. Louis   |   Washington, DC

**ASHCROFT**

Respectfully submitted,

Michael J. Sullivan

*Counsel for Republic of the Congo*

200 State Street  |  7th Floor  |  Boston, MA 02109  |  Tel: 617 573 9400
www.AshcroftLawFirm.com
Austin  |  Boston  |  St. Louis  |  Washington, DC

The Court is in receipt of Petitioner's pre-motion letter, dated May 4, 2022, concerning the Republic of the Congo's deficient discovery responses. (Dkt. #112). The Court has also received the Republic's letter in opposition, dated May 9, 2022. (Dkt. #113).

The Court is sympathetic to the Republic's arguments concerning the propriety of broad-based merits discovery while there are lingering questions about subject matter jurisdiction under the Foreign Sovereign Immunities Act. The Republic's framing of this dispute gave the Court occasion to review the relevant Second Circuit precedent concerning the propriety of letting discovery go forward in such circumstances.

Generally speaking, in the FSIA context, "a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." *Filus* v. *Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990). Further, "in the FSIA context, 'discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" *EM Ltd.* v. *Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (quoting *First City, Texas-Houston, N.A.* v. *Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)). Prior to a decisive finding of subject matter jurisdiction, the Court's task with respect to discovery is to calibrate the "delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's ... legitimate claim to immunity from discovery.'" *Id.* (quoting *Rafidain Bank*, 150 F.3d at 176).

As all of the discovery that Petitioner propounded on the Republic goes to the merits of the dispute, the Court believes it to be premature prior a ruling on the Republic's pending motion to dismiss. Accordingly, Petitioner's motion to compel the Republic to provide substantive responses to its discovery requests is DENIED.

Furthermore, after considering the Republic's more fully developed arguments concerning subject matter jurisdiction, the Court believes the appropriate course of action is to stay discovery pending disposition of its motion to dismiss. Accordingly, discovery into the merits of the Petition is hereby STAYED as to the Republic, pending further order of the Court. For avoidance of doubt, this Order does not stay discovery as to Respondent Ecree LLC, which has not spoken to this issue and is not a sovereign entity protected by the FSIA.

The Clerk of Court is directed to terminate the pending motion at docket entry 112.

SO ORDERED.

Dated:   May 11, 2022
         New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE