**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMISSIONS IMPORT EXPORT S.A.,

Petitioner,

v.

REPUBLIC OF THE CONGO and
ECREE LLC,

Respondents.

No. 19-mc-00195-KPF

## RESPONDENT ECREE LLC'S OBJECTIONS AND RESPONSES TO PETITIONER'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Respondent Ecree

LLC ("Ecree"), through undersigned counsel, hereby responds and objects to the First Set of

Interrogatories to Ecree ("Interrogatories") served by Commissions Import Export S.A.

("Petitioner").

Ecree's responses are based on information acquired to date. Ecree reserves the right to

amend or supplement its responses to the extent required by the Federal Rules of Civil

Procedure.  The production of any information or document shall not operate as an admission

that it is relevant to the subject matter of this action or as a waiver of any objection to its

admission into evidence.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.    These responses are made solely for this action.  Each and every response herein is

subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and

any and all other objections and grounds that would require the exclusion of any statement made

herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are hereby reserved and may be interposed at the time of trial.

2.      No incidental or implied admissions are intended by the responses herein. The fact that Ecree responds to or objects to any interrogatory should not be taken as an admission that Ecree accepts or admits the existence of any facts assumed by such interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts.  The fact that Ecree responds to part or all of any interrogatory is not intended to be, and shall not be construed as, a waiver by Ecree of any part of any objection to any interrogatory.

3.      Ecree's investigation of the factual issues raised by this litigation is continuing and has not yet been completed.  Ecree's responses herein are based upon and reflect the current state of its knowledge, and are made without prejudice to Ecree's right to utilize subsequently discovered facts.

4.      Each of the foregoing general objections is hereby incorporated by reference into each and every one of the responses contained herein as though fully set forth therein, regardless of whether any or all of the foregoing general objections are repeated in response to any specific interrogatory.

5.      Ecree objects to the Interrogatories to the extent that they request information or seek the production of documents that are subject to the attorney-client privilege, that were prepared in anticipation of litigation, that constitute attorney work product, or by any other privilege or immunity, or that are otherwise immune from discovery. Inadvertent identification or production of such information or documents shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive

Ecree's right to object to the use of any such information or document, or the information contained therein, during any subsequent proceeding.

6.     Ecree objects to the Interrogatories to the extent that they are overbroad, unreasonable, and unduly burdensome.

7.     Ecree objects to the Interrogatories to the extent that they seek information, documents, or materials that are irrelevant to the claims or defenses of any party herein, and are not reasonably calculated to lead to the discovery of relevant, admissible evidence, including, without limitation, information, documents, or materials relating to matters that are not raised in the Amended Petition.

8.     Ecree objects to the Interrogatories to the extent that they seek information, documents, or materials from entities or persons who are not parties to this litigation and which information, documents, or materials were not within Ecree's knowledge, possession, and/or control at any time during the relevant period alleged in the Amended Petition.

9.     Ecree objects to the Interrogatories to the extent that they are not reasonably limited in time and/or request information or seek production of documents outside the applicable periods of limitation.

10.     Ecree objects to the Interrogatories to the extent that they are vague, ambiguous, not subject to reasoned interpretation, lack sufficient particularity, and/or fail to put Ecree on reasonable notice of the information, documents, or materials being requested.

11.     Ecree objects to the Interrogatories to the extent that they seek information which is already in the custody or control of Petitioner, or is readily accessible to Petitioner.

12.     Ecree objects to the Interrogatories to the extent that they seek personal and confidential information that concerns individuals, including representatives, agents, or others

having a relationship with Ecree, who are not parties to this action, and the disclosure of which might violate the privacy rights of, or prejudice, those individuals.

13.     Ecree objects to the Interrogatories on the ground and to the extent that they attempt or purport to impose obligations beyond those authorized by the Federal Rules of Civil Procedure ("FRCP") and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"). Ecree shall provide objections and responses in accordance with the FRCP and the Local Civil Rules.

14.     Ecree's responses are based on the best information presently available, and Ecree reserves the right to amend or to supplement its responses if it obtains other or additional information, but states that it is not obligated to produce information created after the date of this response.

15.     Ecree reserves the right to move for a protective order or other appropriate relief if it deems it necessary.

16.     Ecree's obligations to respond to the Interrogatories are defined by the objections and limitations contained herein.

## DEFINITIONS APPLICABLE TO THIS RESPONSE

The following definitions shall apply to this response:

A.     The term "overly broad" shall mean that Ecree objects to a request on the ground that it calls for information that is not properly limited in time and/or scope.

B.     The phrase "vague and ambiguous" shall mean that Ecree objects to a request on the grounds that it does not identify the information sought with requisite particularity and is ambiguous, uncertain, argumentative, unintelligible, indefinite, and/or improperly requires Ecree

4

to speculate as to what information is sought. Where a vagueness objection is asserted, however, Ecree will in good faith attempt to construe the request and respond to the request as construed.

C.      The term "unduly burdensome" shall mean that Ecree objects to a request on the grounds that it is unjustly burdensome and oppressive, harassing in nature and/or would require Ecree to incur an undue expenditure of time and money to ascertain the information sought.

D.      The term "irrelevant" shall mean that Ecree objects to a request on the grounds that it is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

E.      The term "privileged" shall mean that Ecree objects to a request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.

F.      The term "confidential" shall mean that Ecree objects to a request on the grounds that it seeks information that is confidential. Any information or documents that Ecree deems to be confidential shall only be produced subject to a protective order or confidentiality stipulation.

G.      The term "premature" shall mean that Ecree objects to a request on the grounds that it calls for information that is not yet relevant or likely to lead to the discovery of admissible evidence in this action in light of (a) the fact that liability on the merits has not been established; and/or (b) the fact that no entitlement to damages has yet been established; and/or (c) the fact that discovery is ongoing.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all documents and information relevant to the subject matter of this action and the custodian, location, and general description of each document or information.

**RESPONSE TO INTERROGATORY NO. 1:** Ecree objects to this Interrogatory on the ground that it calls for information that is explicitly precluded by Local Rule 33.3 of the Local

Civil Rules and further objects on the basis that that this Interrogatory is premature as discovery is ongoing. Ecree also objects to this request as it calls for a legal conclusion and it is overbroad, unduly burdensome, and vague and ambiguous. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states:

| Document | Custodian | Description |
|---|---|---|
| Application for Employer Identification Number | Ecree LLC | Application for Employer Identification Number for Ecree LLC |
| Closing Disbursement Instructions | Ecree LLC | Letter re: Closing Disbursement Instructions for the Condominium Unit |
| Contract of Sale - Condominium Unit | Ecree LLC | Contract of Sale - Condominium Unit |
| Confirmation of Wire Transfer | Ecree LLC | Email re: confirmation of wire transfer for the purchase of the Condominium Unit |
| Ecree Acquisition of One Central Park West, Unit 32G | Ecree LLC | Letter re: Ecree Acquisition of One Central Park West, Unit 32G, Board of Managers Application Fees |
| Limited Liability Company Agreement of Ecree LLC | Ecree LLC | Limited Liability Company Agreement of Ecree LLC |
| LLC Request for Information from NYS Department of Taxation and Finance | Ecree LLC | LLC Request for Information from NYS Department of Taxation and Finance re: Ecree LLC |
| Ecree LLC Incorporation Records | Ecree LLC | Ecree LLC incorporation records, including registration with NYS, articles of incorporation, application for EIN |
| Purchase Application | Ecree LLC | Ecree LLC Purchase Application, submitted to Trump International Management Corporation |
| Wire Transfers from Sebrit | Ecree LLC | Wire transfer confirmation from Sebrit Limited to K&L Gates and Pino & Associates for the purchase of the Condominium Unit |

**INTERROGATORY NO. 2:** Please identify the name of each witness who has knowledge of information relevant to the subject matter of this action, including (without limitation) information concerning:

(a) the source of funds used by Ecree to purchase Unit 32G;

(b) any contractual or other relations between Ecree and Asperbras;

6

(c) any contractual or other relations between Ecree and Sebrit;

(d) any contractual or other relations between Ecree and Energy & Mining Asp. Inc.;

(e) any contractual or other relations between Ecree and Costwolds;

(f) any relations of any type between Jose Veiga and the Republic;

(g) any relations of any type between Jose Veiga and the President's Daughter;

(h) the intended occupant of Unit 32G;

(i) the current occupant of Unit 32G.

**RESPONSE TO INTERROGATORY NO. 2:** Ecree objects to this Interrogatory on the ground that it calls for production of information that is explicitly precluded by Rule 33.3 of the Local Civil Rules and further objects on the basis that this Interrogatory is premature as discovery is ongoing. With respect to each subpart, Ecree states as follows:

(a) Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request.

(b) Ecree further objects to this sub-request on the ground that it requires the adoption of an assumption in that the Interrogatory assumes there is a relationship between Ecree and Asperbras, which is improper. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(c) Ecree further objects to this sub-request on the ground that it requires the adoption of an assumption in that the Interrogatory assumes there is a relationship between Ecree and Sebrit, which is improper. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(d) Ecree further objects to this sub-request on the ground that it requires the adoption of an assumption in that the Interrogatory assumes there is a relationship between Ecree and Energy & Mining Asp. Inc., which is improper. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(e) Ecree further objects to this sub-request on the ground that it requires the adoption of an assumption in that the Interrogatory assumes there is a relationship between Ecree and Cotswolds, which is improper. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(f) Ecree further objects to this sub-request on the ground that it requires the adoption of an assumption in that the Interrogatory assumes there is a relationship between Ecree and the Republic, which is improper. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(g) Ecree further objects to this sub-request on the ground that it seeks information that is not proportional to the needs of the case as well as information that is not relevant to the parties' claims or defenses in this matter. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(h) Ecree further objects to this sub-request on the ground that it seeks information that is not proportional to the needs of the case as well as information that is not relevant to the parties' claims or defenses in this matter. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

(i) Ecree further objects to this sub-request on the ground that it seeks information that is not proportional to the needs of the case as well as information that is not relevant to the parties' claims or defenses in this matter. Without waiving the foregoing objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Ecree states that António José da Silva Veiga is the only person with knowledge of information relevant to the subject matter of this Request to the extent that it exists.

Dated: April 11, 2022
      New York, New York

**NIXON PEABODY LLP**

By: *_/s/ Daniel A. Schnapp_*
    Daniel A. Schnapp
    Tower 46
    55 West 46th Street
    New York, NY 10036-4120
    Tel. (212) 940-3000
    dschnapp@nixonpeabody.com

    *Attorneys for Respondent Ecree LLC*

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Schnapp, hereby certify that I served a copy of the foregoing Objections and Responses to Petitioner's First Request for Interrogatories on counsel for Petitioner and Respondent Republic of the Congo via email and first class mail.

                             By:    */s/ Daniel A. Schnapp*
                                      Daniel A. Schnapp

10