

Charles R. Jacob III<br>
cjacob@goulstonstorrs.com<br>
(212) 878-5143  Tel

September 7, 2023

**MEMO ENDORSED**

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Commissions Import Export S.A. v.*
     *Republic of the Congo and Ecree LLC*, **1:19-mc-00195 (KPF)**

Dear Judge Failla:

  Petitioner-Judgment Creditor Commissions Import Export S.A. ("Judgment Creditor") responds to the letter-motion submitted by counsel for respondent Ecree LLC ("Ecree") on September 1, 2023, seeking to stay discovery of Ecree.

  **1.** **Ecree's Letter Motion Is an Untimely Motion for Reargument**

  The parties submitted their respective positions on the matters before the Court in this proceeding by joint letter on July 7, 2023 (ECF Doc. 131). The matters before the Court included whether discovery should proceed at this time. Ecree joined in the position of the Republic of the Congo (the "Republic") that discovery should not proceed during the pendency of respondents' current motions to dismiss. The Court continued the stay of discovery as to the Republic but ordered that discovery could continue as to Ecree, which cannot claim sovereign immunity without conceding that it is the alter ego of the Republic as alleged. The Court ruled: "[T]he Court will not stay discovery of Ecree, in line with its prior order." ECF Doc. 132 at 3. The prior order referred to is the Court's Order of May 11, 2022 (ECF Doc. 114), in which the Court ruled that discovery of Ecree could proceed given that Ecree "is not a sovereign entity protected by the FSIA." *Id*. at 5.

  Ecree did not move for reargument or reconsideration of either of the Court's Orders within the 14-day period specified in Local Civil Rule 6.3. It should not be permitted to revisit those Orders now, for a number of reasons outlined below.

  Judgment Creditor has received documents in discovery from Ecree, and Ecree contends its document production in response to Judgment Creditor's requests is complete. Judgment Creditor seriously doubts that is true; but the only way to find out is to take the deposition of Jose Veiga, the principal of Ecree. In interrogatory responses, Ecree stated repeatedly that *only* Mr. Veiga has knowledge of the matters at hand. Ecree's interrogatory responses (without attachments) are annexed as Exhibit 1. With respect to *each* of nine specific categories of

information directly relevant to this case, Ecree responded: "Ecree states that Antonio Jose da Silva Veiga *is the only person with knowledge* of information relevant to the subject matter of this Request …." Exh. 1 at 6-8 (emphasis added). That Mr. Veiga is the person with all this knowledge is not surprising. He wrote the letter of recommendation for the President's Daughter[1] so as to acquire the Condominium (ECF Doc. 102-7 at 5) and has already submitted his affidavit – in English – to the Court on Ecree's behalf (ECF Doc. 57).

There is no next step in discovery of Ecree other than the deposition of Mr. Veiga. The Court has already ruled that discovery of Ecree can continue, in rulings for which the time period to seek reargument or reconsideration has lapsed. Accordingly, the letter-motion filed by Ecree on September 1 (ECF Doc. 140) should be summarily denied. But even if the Court considers it, the letter-motion should be denied as without merit.

## 2. Judgment Creditor Is Entitled to Post-Judgment Discovery from Ecree Notwithstanding the Pending Motions to Dismiss.

Judgment Creditor holds two large, unsatisfied judgments of this Court against the Republic. The Second Circuit has made it clear that sovereign republics which fail to honor the judgments of this Court are subject to broad discovery of both themselves *and third parties* (assuming *arguendo* Ecree is a third party rather than the Republic's alter ego), so that judgment creditors can trace funds as necessary. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207-08 (2d Cir. 2012); *see also NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021 (D. Nev. 2014) (allowing tracing of funds embezzled from republic).[2]

Moreover, it is axiomatic that "imposition of a stay [of discovery] is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision." *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278 at *1 (S.D.N.Y. Jan. 22, 2002). Ecree's September 1 letter-motion simply recites, in condensed fashion, the same arguments as in Ecree's August 21, 2023 motion to dismiss. *Compare* ECF Doc. 139 at 10 - 20 with ECF Doc. 140. But the Court has already set a briefing schedule for the motions to dismiss (ECF Doc. 132) and it would be simply unfair – as well as a poor use of the Court's resources – to cram the briefing of the motions to dismiss into Judgment Creditor's allotted three-page response to Ecree's discovery letter-motion and force the Court to consider

---

[1] Capitalized terms not otherwise defined herein are used with the same meanings as in ECF Doc. 128; and we assume the Court's familiarity with this matter.

[2] Because the discovery Judgment Creditor seeks is post-judgment discovery (that the Court has already permitted to go forward), Ecree's reliance on *Picture Patents, LLC v. Terra Holdings LLC*, 2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008), and *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D.75 (S.D.N.Y. 2020), as setting the standard for Ecree's letter-motion, is misplaced. Neither of those cases was in a post-judgment posture remotely resembling this proceeding. For avoidance of doubt, however, Judgment Creditor submits that Ecree's arguments on its motion to dismiss are without merit for reasons already set forth in previous filings by Judgment Creditor (*see* ECF Docs. 98, 116 and 131), and which will be supplemented in Judgment Creditor's opposition papers to be filed September 28.

Hon. Katherine Polk Failla
September 7, 2023
Page 3

___

those issues now.  The motions to dismiss will be dealt with as the Court has scheduled; in the meantime, discovery of Ecree should proceed as the Court has ordered.  That means taking Mr. Veiga's deposition, which hardly involves prejudice or undue burden.

### 3. **There Is No Prejudice or Undue Burden from the Veiga Deposition.**

Ecree argues that taking Mr. Veiga's deposition will cause "unnecessary burden and expense" because he is a "non-citizen located in Europe whose first language is not English." These arguments are spurious.  By his own affidavit testimony (in English) in this case (*see* ECF Doc. No. 57), and based on the uncontradicted documents produced by the Condominium Board (*see* ECF Docs. 102-7, 128-7), Mr. Veiga, while located in Portugal, formed Ecree for the purpose of "real estate investment" in New York, and immediately after Ecree's formation caused Ecree to purchase the Condominium on Central Park South in Manhattan for the use of the President's Daughter, on whose behalf (not Ecree's behalf) he submitted a letter of recommendation (in English) to the Condominium Board.

Mr. Veiga clearly finds it convenient to avail himself of investment and use of property in the Southern District of New York, and to file affidavit testimony in English in this Court, when it serves his and the Republic's purposes.  There is nothing inconvenient about him sitting for a deposition in this proceeding.  Judgment Creditor has offered to take the deposition remotely, as has become common since the COVID pandemic but was reasonably common even before then. *See* Fed. R. Civ. P. 30(b)(4) (permitting the taking of depositions by "remote means"); *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F.Supp.3d 571, 574-76 (S.D.N.Y. 2020) ("conducting depositions remotely is becoming the 'new normal'"); *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) ("Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides'"), *quoting SEC v. Aly*, 320 F.R.D. 116, 199 (S.D.N.Y. 2017).[3]

Ecree's untimely letter-motion to block Mr. Veiga's deposition should be denied.  It is prejudicial to Judgment Creditor to have to wait an indeterminate period of time to take an important deposition in aid of enforcement of this Court's unsatisfied Judgments.

___

[3] Nor is language a barrier.  First, Mr. Veiga has made clear that he can speak English by filing an affidavit in English with this Court and delivering a letter of recommendation for the President's Daughter in English to the Condominium Board.  But, in any event, Judgment Creditor has offered to have a translator available for the deposition to translate as may be needed.  Courts routinely allow depositions to proceed in this manner.  *See, e.g., Signify Holding B.V. v. TP-Link America Corp.*, 2022 WL 3656315 at **2-3 (S.D.N.Y. Aug. 25, 2022), *citing Goyette v. DCA Advertising Inc.*, 1991 WL 639599 at *1 (S.D.N.Y. Sept. 16, 1991) (witnesses "have sufficient ability to understand and to answer questions in English concerning their business decisions, and therefore can testify without the assistance of direct sequential translation.  However, the depositions will be conducted with the presence of a … translator in order to assist the witnesses in understanding any questions ….").

                                                       Respectfully submitted,

                                                       Charles R. Jacob III

cc:     All Counsel via ECF

The Court is in receipt of Respondent Ecree's letter (Dkt. #140), and the above response from Petitioner (Dkt. #141).  As there has been no material change to the posture of this case since the Court's July 10, 2023 Order, discovery shall continue as to Ecree consistent with the Court's prior orders.  (Dkt. #132).  Had Ecree taken issue with the July 10, 2023 Order, it should have sought reconsideration pursuant to Local Rule 6.3.  The Court agrees with Petitioners that forcing truncated briefing of Ecree's motion to dismiss in the form of letter motions regarding discovery is inappropriate at this juncture, especially given Petitioner has not yet filed its opposition.  The Court is considering Ecree's motion to dismiss and will rule on such motion in due course.

To alleviate any potential burden associated with the Veiga deposition, Petitioners shall provide a translator for the deposition, as offered in their above letter, and shall consent to conduct the deposition in the setting and location of Ecree's choosing, be it in-person or remote.

The Clerk of Court is directed to terminate the motion pending at docket number 140.

Dated:    September 8, 2023          SO ORDERED.
          New York, New York

                                               HON. KATHERINE POLK FAILLA
                                               UNITED STATES DISTRICT JUDGE